■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL PHILLIPS, Appellant.—Judgment of the Supreme Court, New York County, rendered December 13, 1977, convicting defendant upon his plea of guilty of arson in the fourth degree, a class E felony (Penal Law, § 150.05) and sentencing him to a one-year term of imprisonment, affirmed and the case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). The Criminal Court was divested of jurisdiction when the indictment was filed the previous day (CPL 170.20, subd 1). Hence, the plea in the Criminal Court on October 21, 1976 was a nullity and the promise of a sentence of conditional discharge, conditional upon defendant's promise to make restitution for the damage caused, was, thus, unenforceable. Defendant's challenge to such divestiture on the ground that the indictment was invalid in that he was not afforded an opportunity to appear before the Grand Jury (CPL 190.50, subd 5) is without merit. We note that defendant did not take advantage of the opportunity provided him in the Supreme Court to testify before the Grand Jury and therefore there was no reason to dismiss the indictment. We find no reason to modify the sentence imposed by the Supreme Court so as to conform with the plea negotiations in the Criminal Court. Since the plea in the Criminal Court was a nullity, the plea bargain there had no legal force. The subsequent plea in the Supreme Court was voluntarily, knowingly and intelligently entered. Defendant was not induced to enter that plea by an unfulfilled promise as to what the sentence would be (cf. *Santobello v New York*, 404 US 257, 260; *People v Selikoff*, 35 NY2d 227, 241). In fact, the record clearly indicates that at the time of the plea in the Supreme Court defendant was promised that if a jail term would be imposed, it would not exceed one year. That promise was kept. Accordingly, defendant is not entitled to specific performance of the plea bargain made in the Criminal Court. Nor does the imposition of this sentence reflect an abuse of discretion. Defendant did admit setting fire to a building within which 15 persons resided, and such act was not only a risk to them, but to the firemen who necessarily responded to the call for assistance. Further, the court noted that defendant was not in a position to make restitution to the owner of the building and the other persons who suffered financial loss from his crime. In addition, defendant's probation report, unfavorable to defendant, which was before the Supreme Court at sentencing, had not been before the Criminal Court when the plea bargain was made. One further comment: We do not impugn the good faith of the District Attorney's office having negotiated a plea bargain with defendant in the Criminal Court; nevertheless, it is incomprehensible that the Assistant District Attorney handling the matter in the Criminal Court should not have been made aware by his office that an indictment was filed the day before. Concur—Birns, Fein and Markewich, JJ.

Kupferman, J. P., and Sandler, J., concur in part and dissent in part in a memorandum by Kupferman, J. P., as follows: We would modify to reduce the charge and the conviction to a class A misdemeanor of criminal mischief in the fourth degree, and otherwise affirm. The defendant set fire to an occupied residential building, and upon arraignment in the Criminal Court

on a felony complaint, the case was adjourned. On the adjourned date, the District Attorney moved to reduce the charge of arson in the second degree to one of criminal mischief in the fourth degree, to which the defendant pleaded. The case was then adjourned for sentencing. Unbeknownst to those involved, an indictment had been filed by a Grand Jury the previous day, and accordingly the Criminal Court was divested of jurisdiction (CPL 170.20), and the plea was a nullity. The defendant sought enforcement of his plea bargain in the Criminal Court and it was denied. Subsequently, he then pleaded guilty to the crime for which he has now been sentenced to a one-year term of imprisonment. While under the circumstances a one-year term of imprisonment was clearly justified in view of the offense, the original plea should have been honored. *(People v Selikoff,* 35 NY2d 227, 241.) There has been no showing that the defendant entered into the original plea to a lesser charge in other than good faith, and the failure of information was not his doing. (See *Santobello v New York,* 404 US 257.)