*903 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s contention that CPL 220.10 (subd 2) affords him an unconditional right to plead guilty, in a local criminal court, to a charge lodged against him in a misdemeanor complaint must be rejected where, as here, the prosecution has concurrently requested an adjournment pursuant to CPL 170.20 (subd 2) for the purpose of presenting the charge against defendant to a Grand Jury. '
CPL 220.10 (subd 2) states, in pertinent part, that "the defendant may as a matter of right enter a plea of 'guilty’ to the entire indictment.” CPL 340.20 (subd 1) makes the plea provisions of article 220 applicable, "to the extent that they can be so applied” to pleas to informations. Assuming, without deciding, that the provisions of article 220 may be applied to a case where only a misdemeanor complaint has been filed, we find that by enacting CPL 340.20 (subd 1) the Legislature did not intend to override the provisions of CPL 170.20 (subd 2) which unequivocally states that at any time before the entry of a plea of guilty a local criminal court must, upon request of the District Attorney, adjourn all proceedings to allow the District Attorney to present the charge against defendant to a Grand Jury.
In this case, the trial court ruled that "section 220.10 [of the] CPL does not apply to misdemeanor pleas to the exclusion of section 170.20 [of the] CPL.” It is significant that CPL 340.20 (subd 1) which makes the plea provisions of article 220 applicable to accusatory instruments other than indictments, does so only "to the extent that they can be so applied.” In our view, the trial court properly recognized that where, as here, the application of article 220 would nullify the effect of another express provision of law specifically relating to the prosecution of crimes in local criminal courts, the specific provision, such as that embodied in CPL 170.20 (subd 2), must be read as one of the exceptions contemplated by CPL 340.20 (subd 1).
The purpose of CPL 220.10 (subd 2) is to afford an indicted defendant an opportunity, as a matter of right, to plead guilty to all charges in an indictment so that he might avoid the expense and ordeal of a trial. The statute was never intended to allow a defendant who has not yet been indicted to inter *904 rupt the accusatory process before it has been completed, to take advantage of a fortuitous circumstance which resulted from an inadequate initial assessment, on the part of law enforcement officials, of the extent of defendant’s wrongdoing. Thus, we hold that, in a case such as this, CPL 220.10 (subd 2) does not require the trial court to accept the defendant’s offer to plead guilty to a charge in a misdemeanor complaint, and does not relieve the court of its duty, pursuant to CPL 170.20 (subd 2) to order an adjournment to allow the District Attorney to present evidence against the defendant to a Grand Jury. The mere circumstance that the defendant’s offer to plead guilty preceded the prosecution’s request for an adjournment provides an insufficient predicate to reach a contrary result.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.