■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. BEST, Also Known as JOHNNY RAY BEST, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered March 2, 1979, convicting him of arson in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO BOLTA, Also Known as JOSEPH A. BOLTA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings, County, rendered November 15, 1979, upon resentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT CARTAGENA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 27, 1979, convicting him of attempted manslaughter in the second degree, upon his plea of guilty, and sentencing him as a second felony offender. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements. Judgment reversed, as a matter of discretion in the interest of justice, motion to suppress granted, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. Defendant's confession was obtained after a felony complaint had been filed and an arrest warrant issued. At that point defendant's right to counsel attached. Accordingly, under the circumstances herein, defendant's purported waiver of counsel in the absence of counsel was invalid and, as the People concede with commendable candor, his confession should have been suppressed (see *People v Samuels,* 49 NY2d 218). We have reviewed defendant's remaining points relating to the validity of his predicate felony conviction rendered September 15, 1970 (i.e., defendant entered a plea of guilty to the crime of robbery in the second degree under Indictment No. 2696/69), and find them to be without merit (see CPL 10.20, subd 1, par [a]; 170.20; *People v Phillips,* 48 NY2d 1011, affg 66 AD2d 696). Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.