OPINION OF THE COURT
John T. Buckley, J.
An indictment against this defendant was filed on December 21, 1982, containing four counts charging the defendant from an incident arising on November 19,1982, at approximately 7:45 p.m. in the Village of New York Mills, Oneida County. The first count charges the defendant with driving while intoxicated, a felony, under subdivision 3 of section 1192 of the Vehicle and Traffic Law. The second count charges the defendant with driving while intoxicated, a felony, under subdivision 2 of the same section, alleging a count of .19. The third count charges the offense of driving to the left of pavement markings in violation of subdivision (a) of section 1126 of the Vehicle and Traffic Law, a traffic infraction; and the fourth count charges the offense of failure to stop before entering'an intersection, in violation of section 1111 (subd [d], par 1) of the Vehicle and Traffic Law, in that the defendant was facing a steady circular red signal at the intersection of Main Street and Campbell Avenue, and did fail to stop before proceeding through said intersection.
*500 The defendant was arraigned on December 29,1982, and entered a plea of not guilty to the charges.
The defendant served a notice of motion with supporting affidavit of Antonio Faga, sworn to January 20, 1983, moving, among other things, to dismiss the indictment. Assistant District Attorney Donald R. Gerace served an answering affidavit sworn to February 17, 1983, in opposition thereto. This motion was argued on February 25, 1983, with Keith A. Eisenhut, Esq., appearing in support of the motion and Raymond A. Tarkowski, Assistant District Attorney, appearing in opposition thereto; and each attorney has submitted a memorandum of law in connection with the motion, this court reserving decision after argument.
The defendant moves to dismiss the indictment on the ground, among others, that the indictment and any conviction thereunder would be in violation of the defendant’s constitutional rights on the basis of double jeopardy, in violation of the Fifth Amendment to the United States Constitution and section 6 of article I of the New York State Constitution. .
Mr. Faga, in his supporting affidavit, alleges that in connection with the same incident as described in the indictment, the defendant was charged with violations of subdivisions 2 and 3 of section 119-2 of the Vehicle and Traffic Law of the State of New York, as well as a violation of section 1111 (subd [d], par 1) of the Vehicle and Traffic Law and a violation of subdivision (a) of section 1126 of the Vehicle and Traffic Law of the State of New York, in the New York Mills Justice Court of the Honorable Maynard Roman; that the defendant appeared before such court on December 14, 1982, with Keith A. Eisenhut, Esq., of counsel, representing the defendant and with Assistant District Attorney Raymond A. Tarkowski present, and that the defendant then and there entered a plea of guilty to subdivision 3 of section 1192 of the Vehicle and Traffic Law in full satisfaction of all charges pending with the consent of Assistant District Attorney Tarkowski; that this plea was accepted by Judge Roman and a sentence of a fine in the amount of $350 was imposed and the fine then and there was paid in full. The defendant maintains that this subse *501 quent indictment constitutes double jeopardy and is a previous prosecution pursuant to CPL 40.20, in violation of the defendant’s constitutional rights; and that this indictment should, therefore, be dismissed.
The aforesaid answering affidavit of Assistant District Attorney Donald R. Gerace alleges that District Attorney Barry M. Donalty sent a certain letter dated November 22, 1982, to Judge Roman regarding this case applying for a 60-day adjournment of the proceedings in his court in order to present the charges to the Oneida County Grand Jury pursuant to CPL 170.20 (subd 2); and the District Attorney has provided a copy of this letter together with a return receipt showing that this letter was addressed to Judge Roman and was delivered on November 29, 1982, to “M. Golowski”.
Mr. Gerace’s answering affidavit also alleges that in virtue of the aforesaid written request of the District Attorney, that the Village Court of New York Mills had no jurisdiction to conduct any further proceedings in the defendant’s case until the 60-day period as requested by the District Attorney had expired.
STATEMENT OF FACTS
From the moving papers, the memorandums of law and the arguments of the parties, it appears that the facts of this case are not in dispute. They are as follows:
The defendant was arrested for driving while intoxicated and the other charges on November 19, 1982, and as a result faced charges in the New York Mills Justice Court presided over by the Honorable Maynard Roman.
District Attorney Donalty forwarded a letter dated November 22, 1982, to Judge Roman requesting, pursuant to CPL 170.20 (subd 2) a 60-day adjournment to present the charge to the Grand Jury. District Attorney Donalty’s letter shows that copy of the same was sent to Assistant District Attorney Raymond A. Tarkowski and to arresting officer Chief Wolanin. This letter was received by Mary Ann Golowski, the clerk of the New York Mills Village Justice Court on November 29, 1982. On December 14, 1982, the defendant appeared before Judge Roman at a regular session of the Justice Court with Assistant District *502 Attorney Tarkowski in attendance. With Mr. Tarkowski’s consent and with Judge Roman’s approval, the defendant, represented by his attorney Mr. Eisenhut, entered a plea of guilty to a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, a misdemeanor; and a fine of $350 was paid at this time and place in satisfaction of the plea and sentence.
There is no proof and no reason to believe that at the time that the plea was offered by the defendant, consented to by the District Attorney and accepted by the court, and at the time sentence was imposed, that either the District Attorney or Judge Roman was aware that District Attorney Donalty’s letter of November 22, 1982, requesting an adjournment had been sent by the District Attorney or received by the court. By the same token, there is no proof or any allegation of fraud on the part of the defendant or his attorney.
THE CONCLUSION OF LAW
The District Attorney argues that the Village Court of New York Mills was divested of jurisdiction in virtue of the District Attorney’s letter of November 22, 1982, pursuant to CPL 170.20 (subd 2), which was in fact received by the Village Court clerk for the reason that this section of the law requires the Village Justice to grant an adjournment without any discretion on the part of the court. In support of that argument, the District Attorney cites People v Barkin (49 NY2d 901).
In People v Barkin (supra), the defendant attempted to enter a plea to a misdemeanor as of right, with the District Attorney opposing the acceptance of this plea. The court did not accept the plea for a misdemeanor. Thereafter, the defendant was indicted for a felony arising from the same set of facts. On appeal, the defendant argued that the first court was required to accept the defendant’s plea to a misdemeanor on the ground that CPL 220.10 (subd 2) gives the defendant the right in any court to plead to all charges before the court.
The Court of Appeals held in People v Barkin (supra), in favor of the People, holding that in this case the defendant did not have an opportunity, as a matter of right, to plead guilty to a misdemeanor in virtue of CPL 220.10 (subd 2).
*503 The Barkin case is distinguishable from the case at bar in that in Barkin, the District Attorney opposed the acceptance of the plea. In the case at bar, the District Attorney consented to the plea being entered.
In People v Phillips (66 AD2d 696, affd 48 NY2d 1011), the court held that the criminal court was divested of jurisdiction when an indictment was filed the previous day (CPL 170.20, subd 1), and, hence, the plea in the criminal court was a nullity and the promise of a sentence thereafter in the criminal court of a conditional discharge was unenforceable. Without question, in the instant case, if there had been no action taken in Judge Roman’s court before December 21, 1982, when the indictment was filed, the Village Court would have lost jurisdiction in this case.
In People v Dishaw (54 AD2d 1122), at the time of the acceptance of the defendant’s plea of guilty to a misdemeanor charge of driving while intoxicated in the Syracuse Traffic Court, the attorney for the defendant made affirmative representations to the Assistant District Attorney in Traffic Court that the plea had been specifically authorized by a Senior Assistant District Attorney, and the representations were relied upon by the assistant. Implicit in the Dishaw case (supra), is that a fraud was perpetrated upon the court. On this basis, the Appellate Division held that the trial court properly held that the misdemeanor conviction must be deemed a nullity and that the indictment should stand.
In the case at bar, there are no allegations of fraud and the Dishaw case had no application here.
In the case at bar, the District Attorney’s letter indicates that the District Attorney in the New York Mills Justice Court had been provided with a copy of his letter requesting an adjournment in order to submit the matter to the Grand Jury.
After receipt of the letter in the Town Court, a period of two weeks passed. Then, the Assistant District Attorney appears before the court with the defendant and his attorney and consents that the defendant enter a plea of guilty to the misdemeanor in full satisfaction of the charges. On December 14, 1982, when the plea was entered before *504 Judge Roman, his court continued to have jurisdiction of this case.
This court acknowledges the good faith of the District Attorney’s office having negotiated a plea bargain with the defendant and his attorney in the New York Mills Village Justice Court on December 14,1982. At the same time, this court must presume that the Assistant District Attorney handling the matter in the Village Justice Court had “constructive” knowledge that the District Attorney’s letter of November 22, 1982, had been sent. In this instance, the defendant and the Village Justice had a right to rely on the fact that this Assistant District Attorney had the authority to accept a plea of guilty to the misdemeanor in full satisfaction of the charges pending before Judge Roman in this case.
For these reasons, the motion of the defendant to dismiss this indictment is granted in the interest of justice.