■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUDOLPH ANDERSON, Respondent.

A felony complaint charging the defendant with four crimes

was filed against him in the Criminal Court of the City of New York, Kings County, on September 15, 1985. While the action was pending, an indictment was filed in the Supreme Court, Kings County, on November 14, 1985, charging the defendant with the identical four crimes arising out of the same acts. The defendant was arraigned in the Supreme Court on December 11, 1985. Nevertheless, the prosecutor and the Criminal Court accepted a plea to a misdemeanor in satisfaction of all the charges contained in the felony complaint on January 17, 1986, and the defendant was immediately sentenced to 90 days in jail. The defendant's motion to dismiss the indictment was granted on the ground of double jeopardy in April 1986, and the court noted that the defendant had served a substantial portion, if not all, of the sentence imposed by the Criminal Court.

We find that the court erred in dismissing the indictment on the ground of double jeopardy and remit the matter for a determination of whether a dismissal is nevertheless warranted in the interest of justice (see, CPL 210.40). At the time the Criminal Court accepted the plea, it had been divested of jurisdiction due to the indictment of the defendant in the Supreme Court on the same charges (see, People v Phillips, 66 AD2d 696, affd 48 NY2d 1011; CPL 170.20). The protection provided by the prohibition against double jeopardy does not attach where the court was without jurisdiction in the first instance, even though sentence was imposed or served (see, People ex rel. Leventhal v Warden, 102 AD2d 317; CPL 40.20, 40.30 [2]). Because the conviction here was a nullity due to the Criminal Court's lack of jurisdiction, double jeopardy would not bar further prosecution of the same charges. We do not consider Matter of Campbell v Pesce (60 NY2d 165) controlling since that case did not involve an underlying conviction which was void due to a lack of jurisdiction.

Although we conclude that the indictment was improperly dismissed on the ground of double jeopardy, the record before us strongly suggests that a dismissal in the interest of justice may be warranted under CPL 210.40. Since the Supreme Court did not reach this issue, we remit the matter for further consideration. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.