OPINION OF THE COURT
Lewis L. Douglass, J.
The defendant moves, pursuant to CPL 40.30 (1) (a), to *1031 dismiss the indictment on the grounds that because he pleaded guilty to the charges, when the charges were pending against him in the Criminal Court, this prosecution of the same charges in the Supreme Court violates his constitutional protection against double jeopardy. The prosecutor argues that because the Grand Jury voted to indict the defendant before the plea was entered in the Criminal Court, that court lost jurisdiction, pursuant to CPL 170.20 and, therefore, the plea in the criminal court was a nullity.
On December 4, 1989, the defendant was arraigned in a New York City Criminal Court. At that time the District Attorney requested an adjournment in order to present the matter to the Grand Jury. The Grand Jury heard the prosecutor’s evidence on December 7, 1989 and voted an indictment against the defendant.
On December 8, 1989, one day after the Grand Jury’s vote, but before the indictment was filed, the defendant pleaded guilty in the local criminal court to the charges arising out of the same episode that is the basis of the indictment. CPL 170.20 provides that the local criminal court loses its jurisdiction when the Grand Jury returns an indictment.
The question to be decided is whether the local criminal court loses jurisdiction when the indictment is "voted” or does it lose jurisdiction when the indictment is "filed”.
A casual reading of CPL 170.20 might give rise to the impression that CPL 170.20 was carelessly drafted. Subdivision (1) provides that jurisdiction is lost when "an indictment * * * is filed”. Subdivision (2) (a) does not use the word "filed” but provides that, "if * * * an indictment results, the local criminal court is thereby divested of jurisdiction”. Careful review of the subdivisions, however, indicates that use of the word in subdivision (1), and the omission of that word in subdivision (2), was not due to carelessness in drafting. Those two subdivisions refer to entirely different circumstances.
Subdivision (1) contemplates the situation where the prosecutor proceeds in the Grand Jury, without giving notice to the court, and more importantly, without giving notice to the defendant. In that situation jurisdiction is not lost until there is public disclosure of the Grand Jury’s proceeding. Thus, in subdivision (1) jurisdiction is lost at the point in time when the prosecutor’s action in the Grand Jury is made public, that is, when the indictment is "filed”.
Subdivision (2) contemplates the situation where the court *1032 and the defendant are fully aware that the prosecutor is proceeding in the Grand Jury. In that situation, the prosecutor has already initiated an action in the criminal court and made an application, on the record, in the defendant’s presence of his or her intent to go before the Grand Jury. There is nothing secret about this process, as compared to the secretness that surrounds the prosecutor’s Grand Jury action, when he or she proceeds under subdivision (1). Since in the subdivision (2) situation the defendant and the court are both aware of the prosecutor’s intention to proceed into the Grand Jury, there is no need to withhold loss of jurisdiction until public declaration of the Grand Jury’s action is made known, that is to withhold loss of jurisdiction until the indictment is filed.
Since there is clear logic of how the statute is written, there would be no jurisdiction in going beyond the plain language in the statute. When the prosecutor applies in open court for an adjournment for the purpose of presenting the matter to the Grand Jury, jurisdiction is lost, as the statute says when "an indictment * * * results” (CPL 170.20 [2] [a]), that is when the Grand Jury takes the vote, and not when the indictment is filed.
The defendant further argues that since CPL 200.10 defines an indictment as a "written accusation by a grand jury, filed with a superior court” (emphasis added), jurisdiction is not lost until the accusatory instrument is converted into an indictment by the act of "filing” with the Supreme Court. The defendant, therefore, argues that whether the word "filed” is used, or not in subdivision (2), since the accusatory instrument does not become an indictment until "filed”, it is irrelevant when one explains the omission of the word "filed” in subdivision (2). If the definition of an indictment is an accusatory instrument that is "filed” no indictment results until the accusatory instrument returned by the Grand Jury is actually filed. The Court of Appeals, however, in People v Cade (74 NY2d 410), has made it clear that the reference to the filing in CPL 200.10 is not part of the definition, but is merely a direction as to what must be done with the accusatory instrument, once the Grand Jury takes a vote. In Cade, the court said (at 416): "Defendant also contends that because CPL 190.65 (3) provides that upon voting an indictment the Grand *1033 Jury 'must* file it with the court, the failure to file the April 3 indictment immediately was a jurisdictional defect. The provision is only directory, however, and imposes no time limits on filing”.
This motion is denied.