THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRANCOCCIO, Appellant.

Second Department, April 26, 1993

## APPEARANCES OF COUNSEL

*Philip L. Weinstein,* New York City *(Robert P. App* of counsel), for appellant.

*Charles J. Hynes, District Attorney* of Kings County, Brooklyn *(Roseann B. MacKechnie, Leonard Joblove* and *Linda Breen* of counsel), for respondent.

## OPINION OF THE COURT

MANGANO, P. J.

The question to be resolved on this appeal is whether the defendant's prosecution under Indictment Number 16451/89 is barred on the ground that it violates the defendant's constitutional protection against double jeopardy. In our view, this question must be answered in the negative.

I

On December 1, 1989, the defendant attempted to unlawfully enter a residential apartment, by opening its kitchen window. The defendant was arrested that very day, and was charged in a misdemeanor complaint, filed under Criminal Court Docket Number 9K080591, with criminal trespass in the second degree and criminal mischief in the fourth degree.

On December 4, 1989, the defendant, represented by an attorney from the Legal Aid Society, appeared in Criminal Court, Part AR2, for arraignment on the misdemeanor complaint. During the course of the arraignment, Assistant District Attorney Webster stated that the "[d]efendant has a long history of burglaries. He is a predicate felon, has an open case in AP1 which I believe is also burglary". The court expressed surprise that the case had been "written up" as a misdemeanor, and Assistant District Attorney Webster responded: "I don't know either. I would have written it as attempted burglary as a felony. *I will serve 170.20 and 190.50 notice in the event it's presented to the Grand Jury*" (emphasis supplied). Thereafter, both counsel approached the Bench, a discussion was held off the record, and bail was set at $1,500. The court then stated: *"AP3 for 170.70 purposes unless there is an indictment; December 8th"* (emphasis supplied).

In the appendix to their brief, the People have provided a photocopy of the Criminal Court file jacket pertaining to the instant matter. It bears a handwritten notation "170.20" with a check mark next to it, and also notes, under the heading "ADJOURNMENT": "To Part AP3, To Date 12-8, 170.70".

On December 7, 1989, the Grand Jury heard the evidence in this case and voted an indictment charging the defendant with burglary in the second degree.

On December 8, 1989, the defendant appeared in Criminal Court, Part AP3. The defense counsel asked if there was an offer in this case to which the Assistant District Attorney answered: "The offer in this case is a burglary in the second degree, five to ten years". The defense counsel noted that defendant was only charged with misdemeanors but the Assistant District Attorney stated that according to his papers, it was a felony case. After a short discussion regarding the defendant's parole status, the defendant pleaded guilty to the crime of criminal trespass in the second degree in satisfaction of the misdemeanor complaint, and the court sentenced him to 90 days.

On December 13, 1989, the indictment, which had been voted on December 7, 1989, charging the defendant with burglary in the second degree, was filed with the Clerk of the Supreme Court, Kings County. On December 29, 1989, the defendant was arraigned on this indictment.

By notice of motion dated April 4, 1990, defendant moved to dismiss the indictment on the ground that "further prosecution is barred by reason of double jeopardy". Specifically, the defense counsel argued that the indictment, which was filed on December 13, 1989, after the defendant entered a plea of guilty pursuant to misdemeanor complaint Docket Number 9K080591, and which was based upon the same facts and offenses alleged in that complaint, constituted double jeopardy.

In response, the People argued that the action taken by the Grand Jury on December 7, 1989, i.e., its vote to indict the defendant, divested the Criminal Court of jurisdiction, and the guilty plea which was taken on December 8, 1989 was therefore a nullity. The People argued that the statements of Assistant District Attorney Webster to the court on December 4, 1989 constituted an application for an adjournment on the ground that he intended to present the case to the Grand Jury with a view to prosecuting the defendant by indictment. The People also submitted an affirmation from Assistant District Attorney Webster, dated April 20, 1990, which stated:

"1) On December 4, 1989, I was assigned to Part AR-2 before the Hon. Michael Rooney.

"2) The case of the *People v Michael [sic] Brancoccio,* Docket

No. 9K080591, was called for arraignment and I was the Assistant District Attorney who represented the People.

"(3) After evaluating the facts of the above case, I determined that the defendant should have been charged with a felony and that the case should be presented to the Grand Jury.

"(4) I completed the written notice pursuant to C.P.L. § 710.30 regarding a statement by the defendant and served it upon defense counsel along with oral notice pursuant to C.P.L. § 170.20 and written notice pursuant to C.P.L. § 190.50.

"(5) I marked the file appropriately and directed that the file be sent to the Grand Jury for presentation of felony charges and made it known to both defense counsel and the Court that such action was being undertaken, whereupon the Court granted an adjournment to give the People the opportunity to do so".

In an affirmation submitted in reply, defense counsel argued that the Criminal Court was not divested of jurisdiction over the instant misdemeanor complaint until the indictment was filed. Since the indictment was filed on December 13, 1989, defense counsel argued that the Criminal Court still had jurisdiction over this matter on December 8, 1989, and validly disposed of this case by the plea entered on that date. In the alternative, defense counsel argued that Assistant District Attorney Webster did not comply with CPL 170.20 (2) in that he failed to state a clear intention to present this case to the Grand Jury.

The Supreme Court (Douglass, J.), denied the defendant's motion, holding, *inter alia,* that this case was governed by CPL 170.20 (2), and that the Criminal Court was divested of jurisdiction on December 7, 1989, when the indictment was voted *(see, People v Brancoccio,* 147 Misc 2d 1030).

The defendant thereafter proceeded to trial and was convicted of attempted burglary in the second degree, upon a jury verdict.

## II

The relevant statute which governs the case at bar is CPL 170.20. That statute provides in relevant part as follows:

"§ 170.20. Divestiture of jurisdiction by indictment; removal of case to superior court at district attorney's instance

"1. If at any time before entry of a plea of guilty to or

commencement of a trial of a local criminal court accusatory instrument containing a charge of misdemeanor, an indictment charging the defendant * * * is *filed* in a superior court, the local criminal court is thereby divested of jurisdiction of such misdemeanor charge and all proceedings therein with respect thereto are terminated.

"2. At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument specified in subdivision one, the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court. In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action, and may subsequently grant such further adjournments for that purpose as are reasonable under the circumstances. Following the granting of such adjournment or adjournments, the proceedings must be as follows:

"(a) If such charge is presented to a grand jury within the designated period and either an indictment or a dismissal of such charge *results*, the local criminal court is thereby divested of jurisdiction of such charge, and all proceedings in the local criminal court with respect thereto are terminated" (emphasis supplied).

The record of the proceeding at the defendant's arraignment in Criminal Court on December 4, 1989, as well as the uncontroverted affirmation of Assistant District Attorney Webster, who appeared for the People in Criminal Court on December 4, 1989, demonstrates that (1) all the parties understood that the People were, in fact, requesting an adjournment on the ground that they intended to present charges to a Grand Jury, and (2) the Criminal Court granted the People an adjournment for that very purpose.

Under these circumstances, the divestiture provisions of CPL 170.20 (2) came into play. Unlike CPL 170.20 (1), where divestiture of the local criminal court's jurisdiction occurs when the indictment is "filed" *(see, e.g., People v Phillips,* 66 AD2d 696, *affd* 48 NY2d 1011; *People v Carter,* 134 Misc 2d 878, *affd* 155 AD2d 608), divestiture under CPL 170.20 (2) occurs when an indictment "results". As the Supreme Court properly noted, the difference in these two words was clearly intended by the Legislature and reflects two "entirely differ-

ent circumstances" *(People v Brancoccio,* 143 Misc 2d 1030, 1031, *supra).* As the Supreme Court properly noted in *People v Brancoccio (supra,* at 1031-1032):

"Subdivision (1) contemplates the situation where the prosecutor proceeds in the Grand Jury, without giving notice to the court, and more importantly, without giving notice to the defendant. In that situation jurisdiction is not lost until there is public disclosure of the Grand Jury's proceeding. Thus, in subdivision (1) jurisdiction is lost at the point in time when the prosecutor's action in the Grand Jury is made public, that is, when the indictment is 'filed'.

"Subdivision (2) contemplates the situation where the court and the defendant are fully aware that the prosecutor is proceeding in the Grand Jury. In that situation, the prosecutor has already initiated an action in the criminal court and made an application, on the record, in the defendant's presence of his or her intent to go before the Grand Jury. There is nothing secret about this process, as compared to the secretness that surrounds the prosecutor's Grand Jury action, when he or she proceeds under subdivision (1). Since in the subdivision (2) situation the defendant and the court are both aware of the prosecutor's intention to proceed into the Grand Jury, there is no need to withhold loss of jurisdiction until public declaration of the Grand Jury's action is made known, that is to withhold loss of jurisdiction until the indictment is filed" *(see also, People v Rivera,* 144 Misc 2d 1007).

The Supreme Court's conclusion that the term "results" in CPL 170.20 (2) signifies the voting of an indictment by the Grand Jury, as opposed to the filing of an indictment, is further supported by the decision of the Court of Appeals in *People v Cade* (74 NY2d 410, 416), which held that the filing requirement provided for in CPL 190.65 (3) "is only directory * * * and imposes no time limits on filing" *(see also, People v Hulett,* 53 Misc 2d 1034).

### III

Finally, we reject the defendant's suggestion that the People's "acquiescence", or "concurrence", in the plea entered by

the defendant on December 8, 1989 mandates a contrary result *(see, People v Anderson,* 140 AD2d 528).

Accordingly, the judgment of conviction must be affirmed.

BRACKEN, SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the judgment is affirmed.