■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TRUELUCK, Appellant. [631 NYS2d 164] —Judgments, Supreme Court, Bronx County (Joseph Cohen, J., and Burton Hecht, J., at pleas; Alexander Hunter, J., at sentence), rendered September 7, 1993, convicting defendant, upon his pleas of guilty, of manslaughter in the first degree and criminal use of a firearm in the first degree, under Bronx County superior court information number 5506/93, and of attempted murder in the second degree under Bronx County indictment number 5227/93, and sentencing him to concurrent terms of 8¹/₃ to 25 years, 12¹/₂ to 25 years, and 8¹/₃ to 25 years, respectively, unanimously reversed, on the law, both pleas of guilty and the waiver of indictment vacated, the superior court information dismissed, the felony complaint reinstated and the matters remanded for further proceedings.

Defendant was arraigned on a felony complaint filed in Crim-

inal Court that charged him with, *inter alia,* the class A felony of murder in the second degree. He was held for the action of the Grand Jury on this accusatory instrument, but before the filing of an indictment was permitted to waive prosecution by indictment and to plead guilty to a superior court information. As we read the record, at no point prior to the entry of the waiver and the court's acceptance of defendant's guilty plea to the superior court information was the felony complaint containing the class A felony charge dismissed or that charge reduced to a lesser included offense. Thus, we are not called upon and do not determine what result would obtain, if, as often occurs in the hybrid Criminal Court/Supreme Court superior court waiver parts, defendant had first been re-arraigned and held on a new felony complaint that did not contain a class A felony charge (*see generally, People v Selby,* 148 Misc 2d 447). Here, because the local Criminal Court accusatory instrument upon which defendant was being held at the time he waived his right to prosecution by indictment charged him with a class A felony, defendant now argues that the proceedings in which he voluntarily, knowingly, and willingly pleaded guilty were jurisdictionally defective and therefore a nullity. We are constrained to agree.

As this Court has previously explained, "CPL 195.10 provides that a defendant may waive indictment and consent to be prosecuted by a superior court information under certain limited circumstances, but the statute specifically excludes such a procedure where, as here, the defendant is charged with a class A felony" (*People v Marty,* 150 AD2d 171, 172; *see also, People v Murphy,* 147 AD2d 715 [2d Dept] [Superior Court Information waiver impermissible when charged with class A felony]; *People v Sledge,* 90 AD2d 588, *lv denied* 58 NY2d 977 [3d Dept] [same]; *People v Woolson,* 195 AD2d 949 [4th Dept] [same]). Although the Court of Appeals has indicated it is an open question whether a plea such as the one that was entered here is permitted under the 1974 amendment to article I (6) of the New York State Constitution (*People v D'Amico,* 76 NY2d 877, 879, n 2), we are unpersuaded by the People's argument that all four of the Appellate Divisions have wrongly interpreted CPL 195.10 (1) (b) as precluding the plea entered in this case as outside the parameters of the exception to the constitutional requirement of prosecution by indictment. Accordingly, the defendant's waiver of indictment and plea of guilty to the subsequently filed superior court information must be vacated as jurisdictionally defective. The felony complaint with a charge of murder in the second degree should be reinstated and the matter remanded for further proceedings.

As the People concede, given that we have vacated the plea under the superior court information, defendant's second guilty plea under indictment number 5227/93, having been premised on a promised sentence that can no longer be fulfilled, must be vacated. Therefore, that judgment is also reversed and the matter remanded for further proceedings on the indictment. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.