■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOEL MARTIN AURNOU, on Behalf of JOHN DOE, Appellant, v WAYNE L. STRACK, Respondent. [729 NYS2d 785] —In a habeas corpus proceeding, the relator appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated February 24, 1999, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

In September 1987, the appellant was arraigned on a felony complaint charging him with criminal possession of a controlled substance in the second degree, a class A-II felony. In consideration of his full cooperation with the police, he was allowed to waive indictment and plead guilty to criminal possession of a controlled substance in the third degree under a Superior Court Information in exchange for a term of 2⅔ to 9 years' imprisonment. When the appellant filed a notice of appeal, accompanied by a motion arguing, *inter alia*, that his plea was illegal, the People agreed and cross-moved for summary reversal. By decision and order dated February 27, 1989, as amended August 28, 1989, this Court granted the People's cross motion. The People then presented the appellant's case to a Grand Jury, following which he was indicted, tried, convicted, and sentenced to a term of 15 years to life imprisonment.

There is no merit to the appellant's contention that his conviction was barred by State or Federal prohibitions against double jeopardy. His initial plea and resulting conviction were legal nullities because, having been charged with a class A felony, he could not legally waive indictment. Accordingly, the court in which he entered his plea lacked subject matter jurisdiction, and jeopardy did not attach (*see,* NY Const, art I, § 6; CPL 195.10 [1] [b]; *People v Trueluck,* 219 AD2d 490, *affd* 88 NY2d 546; *see also, People v Jacoy,* 138 AD2d 837; *People v Sledge,* 90 AD2d 588; *People v Alfano,* 75 AD2d 584). This remained so even after the appellant began to serve his sentence (*see, People v Anderson,* 140 AD2d 528).

The appellant's remaining contentions are unpreserved for appellate review and, in any event, without merit. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.