■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY S. MCFADDEN, Appellant. [812 NYS2d 914]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 14, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]), defendant contends that the judgment must be reversed because that crime is a legal impossibility. We disagree. "Although the crime of attempted assault in the second degree pursuant to Penal Law § 120.05 (3) is a legal impossibility (*see, People v Campbell*, 72 NY2d 602, 607), a defendant may plead guilty to a nonexistent crime in satisfaction of an indictment charging a crime for which a greater penalty may be imposed" (*People v Daniels*, 237 AD2d 298, 298 [1997], *lv denied* 90 NY2d 857 [1997]; *see e.g. People v Downs*, 26 AD3d 525 [2006]; *People v Guishard*, 15 AD3d 731, 732 [2005], *lv denied* 5 NY3d 789 [2005]; *see generally People v Foster*, 19 NY2d 150 [1967]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.