■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEDWIN LOPEZ, Appellant. [846 NYS2d 164]—

Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered February 25, 2005, convicting defendant, upon his plea of guilty, to attempted murder in the second degree, and sentencing him to a term of eight years, unanimously reversed, on the law, the plea vacated, that count of the

indictment dismissed, and the matter remanded for further proceedings on the remaining counts of the indictment.

Defendant pleaded guilty to a count of the indictment charging attempted depraved indifference murder, which, as both sides agree, is a nonexistent, legally impossible crime, in that one cannot attempt a crime in which the result does not require intent (see People v Campbell, 72 NY2d 602, 605 [1988]; People v Acevedo, 32 NY2d 807 [1973]). This was not a situation where a defendant pleaded guilty to a hypothetical crime under a valid count of the indictment (see People v Foster, 19 NY2d 150, 153 [1967]). Defendant's plea to a nonexistent crime is a jurisdictional defect rendering the plea a nullity, and the proper remedy is remand for further proceedings on the remainder of the indictment (see People v Castillo, 30 AD3d 1118 [2006], affd 8 NY3d 959 [2007]; People v Trueluck, 219 AD2d 490 [1995], affd 88 NY2d 546 [1996]). Defendant requests this Court to "deem" his plea to be a plea to reckless endangerment in the first degree, rather than vacating the conviction and reinstating the other counts of the original indictment. However, since the conviction was on a jurisdictionally defective count, defendant's suggested remedy would be unlawful. Concur—Lippman, P.J., Nardelli, Buckley, Gonzalez and Sweeny, JJ.