■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY MAYO, Appellant. [908 NYS2d 353]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered April 16, 2009, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was

ineffective, as there is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to a plea of guilty (*see People v Moyett*, 7 NY3d 892, 893 [2006]; *People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Olivier*, 48 AD3d 486 [2008]; *People v Cieslewicz*, 45 AD3d 1344, 1345 [2007]).

While the defendant pleaded guilty to attempted felony murder, a "nonexistent" (*People v Martinez*, 81 NY2d 810, 811 [1993]) or "logically and legally impossible" (*People v Foster*, 19 NY2d 150, 152 [1967]) crime, the plea was permissible since it was "in satisfaction of an indictment charging a crime with a heavier penalty" (*People v Martinez*, 81 NY2d at 812; *see* Penal Law § 70.00 [2] [a]; [3] [a]; § 70.02 [1] [a]; [2] [a]; [3] [a]; § 125.25 [3]; *People v Foster*, 19 NY2d at 152-153; *People v McFadden*, 28 AD3d 1245 [2006]; *People v Guishard*, 15 AD3d 731, 732 [2005]; *cf. People v Lopez*, 45 AD3d 493, 494 [2007]; *People v Hassin*, 48 AD2d 705 [1975]). Furthermore, contrary to the defendant's contention that his plea allocution was factually insufficient, where, as here, the defendant pleads guilty to a lesser crime than the one charged in the indictment and the allocution establishes that the defendant understood the charges against him, a factual basis for the plea is unnecessary (*see People v Clairborne*, 29 NY2d 950 [1972]; *People v Billings*, 60 AD3d 961, 962 [2009]; *People v Richardson*, 50 AD3d 704 [2008]; *People v Martin*, 239 AD2d 436, 437 [1997]). Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.