*906 Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Holder, J.), imposed November 27, 2012, upon his plea of guilty, on the ground that the sentence was excessive.
Ordered that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court’s interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255 [2006]). Here, however, the Court is not precluded from exercising its interest of justice jurisdiction because the defendant’s purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant “grasped the concept of the appeal waiver and the nature of the right he was forgoing” (People v Bradshaw, 18 NY3d 257, 267 [2011]; see People v Grant, 83 AD3d 862, 862-863 [2011]; People v Pelaez, 100 AD3d 803, 804 [2012]; People v Jacob, 94 AD3d 1142, 1143 [2012]; People v Mayo, 77 AD3d 683, 684 [2010]; cf. People v Ramos, 7 NY3d 737, 738 [2006]). Therefore, “notwithstanding the written appeal waiver form, it cannot be said that defendant knowingly, intelligently and voluntarily waived his right to appeal” (People v Bradshaw, 18 NY3d at 267; see People v Elmer, 19 NY3d 501, 510 [2012]; People v Vasquez, 101 AD3d 1054 [2012]).
Nevertheless, contrary to the defendant’s contention, the period of postrelease supervision imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Eng, EJ., Mastro, Dickerson, Lott and Miller, JJ., concur.