Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered June 25, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]). We note at the outset that “ ‘[although the crime of attempted assault in the second degree pursuant to Penal Law § 120.05 (3) is a legal impossibility (see People v Campbell, 72 NY2d 602, 607 [1988]), a defendant may plead guilty to a nonexistent crime in satisfaction of an *1438 indictment charging a crime for which a greater penalty may be imposed’ ” (People v McFadden, 28 AD3d 1245, 1245 [2006], lv denied 7 NY3d 792 [2006]). Defendant validly waived the right to appeal, and that valid waiver encompasses the challenge in defendant’s main brief to the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; see generally People v Lococo, 92 NY2d 825, 827 [1998]). Although defendant’s contention in his main brief that his plea was not knowingly, intelligently, and voluntarily entered survives his waiver of the right to appeal (see People v Bishop, 115 AD3d 1243, 1244 [2014], lv denied 23 NY3d 1018 [2014]), we reject that contention. “[T]he plea allocution as a whole establishes that ‘defendant understood the charges and made an intelligent decision to enter a plea’ ” (People v Keitz, 99 AD3d 1254, 1255 [2012], lv denied 20 NY3d 1012 [2013], reconsideration denied 21 NY3d 913 [2013], quoting People v Goldstein, 12 NY3d 295, 301 [2009]). Moreover, “nothing [defendant] said raised the possibility of a viable justification defense” (People v Spickerman, 307 AD2d 774, 775 [2003], lv denied 100 NY2d 624 [2003]; cf. People v Ponder, 34 AD3d 1314, 1315 [2006]). “ ‘[T]he challenge by defendant [in his pro se supplemental brief] to the sufficiency of the evidence before the grand jury is forfeited by his guilty plea’ ” (People v Ruffin, 101 AD3d 1793, 1793 [2012], lv denied 21 NY3d 1019 [2013]; see People v Anderson, 90 AD3d 1475, 1477 [2011], lv denied 18 NY3d 991 [2012]). Finally, we have reviewed the remaining contentions in defendant’s pro se supplemental brief, and to the extent they are properly before us in the context of defendant’s guilty plea, we conclude that they are without merit.
Present — Centra, J.R, Fahey, Carni, Sconiers and Valentino, JJ.