■ The People of the State of New York, Respondent, v Michael Tammaro, Appellant. [65 NYS3d 12]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered June 26, 2013, convicting defendant, upon his plea of guilty, of grand larceny in the second degree, and

sentencing him to a term of three to nine years, unanimously affirmed.

Defendant was charged in an indictment with multiple counts of larceny arising out of a fraudulent scheme by which he falsely offered to lease his apartment to numerous individuals, in exchange for their giving him payments for rent and security deposits. Defendant pleaded guilty to the top count of the indictment, grand larceny in the second degree, admitting that over the course of several months, he stole property from a number of people, and the value of that property exceeded $50,000. Defendant also admitted that he performed the scheme on at least 40 people, and that the total amount he had stolen was over $192,000.

On appeal, defendant maintains that the People improperly aggregated varying amounts taken from different victims at different times in order to meet the $50,000 statutory threshold required for second-degree grand larceny.[1] Defendant contends that because the indictment was "improperly constituted," his plea should be vacated and the second-degree grand larceny count dismissed. Because defendant did not move to dismiss the indictment on this basis, he has failed to preserve the issue for our review (*see People v Brown*, 81 NY2d 798, 799 [1993]; *People v Pepper*, 59 NY2d 353, 360 [1983]; *People v Iannone*, 45 NY2d 589, 600 [1978]), and we decline to reach it in the interest of justice. Defendant's generalized reference in his omnibus motion to a "defective" indictment was insufficient to preserve the specific appellate claim presented (*see People v Delvalle*, 114 AD3d 612, 612-613 [1st Dept 2014], *lv denied* 23 NY3d 962 [2014]; *People v Green*, 105 AD3d 611, 612 [1st Dept 2013], *lv denied* 21 NY3d 1015 [2013]).[2]

As an alternative holding, we conclude that defendant's claim is forfeited by his guilty plea. "Generally, a guilty plea marks the end of a criminal matter as opposed to providing a gateway to further litigation" (*People v Guerrero*, 28 NY3d 110, 115 [2016]). Thus, a plea of guilty will generally result in the forfeiture of a defendant's right to appeal nonjurisdictional defects in a criminal proceeding (*People v Konieczny*, 2 NY3d 569, 572 [2004]). Although matters involving jurisdictional defects will

---

**1.** A person is guilty of grand larceny in the second degree when he steals property and when the value of the property exceeds $50,000 (Penal Law § 155.40 [1]).

**2.** We note that prior to filing the omnibus motion, defendant was aware that the second-degree grand larceny count was premised on the aggregated value of property taken from multiple victims over the course of several months.

survive a guilty plea (*see People v Guerrero*, 28 NY3d at 115), the alleged insufficiency of an indictment's factual allegations is not a jurisdictional defect (*People v Iannone*, 45 NY2d 589, 600-601 [1978]).

Here, defendant's challenge to the indictment is essentially a claim of factual insufficiency, and thus is waived by his guilty plea (*see id.*; *People v Dickenson*, 262 AD2d 215, 216 [1st Dept 1999]; *People v Kwok*, 257 AD2d 402, 402 [1st Dept 1999], *lv denied* 93 NY2d 875 [1999]). To the extent defendant claims that, due to alleged improper aggregation, the evidence before the grand jury was legally insufficient to establish second-degree grand larceny, that claim too is foreclosed by his guilty plea (*see People v Guerrero*, 28 NY3d at 116 [after a guilty plea has been entered, a defendant cannot challenge the sufficiency of the evidence before the grand jury]).

There is no merit to defendant's claim that improper aggregation resulted in a jurisdictional defect in the indictment. "The distinction between jurisdictional and nonjurisdictional defects is between defects implicating the integrity of the process . . . and less fundamental flaws, such as evidentiary or technical matters" (*People v Dreyden*, 15 NY3d 100, 103 [2010] [internal quotation marks omitted]). "An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all" (*People v Hansen*, 95 NY2d 227, 231 [2000]).

Contrary to defendant's contention, the indictment pleads a cognizable and existing crime. The count alleging second-degree grand larceny tracks the language of the statute (Penal Law § 155.40 [1]), incorporates that statute by express reference, and alleges every element of the crime (*see People v D'Angelo*, 98 NY2d 733, 735 [2002]; *People v Iannone*, 45 NY2d at 592 n 1). The cases relied upon by defendant are distinguishable. In both *People v Barksdale* (139 AD3d 1080 [2d Dept 2016]) and *People v Lopez* (45 AD3d 493 [1st Dept 2007]), the defendants pleaded guilty to nonexistent, legally impossible crimes (*see Barksdale*, 139 AD3d at 1080 [attempted second-degree assault under Penal Law § 120.05 (3)]; *Lopez*, 45 AD3d at 494 [attempted depraved indifference murder]; *see also People v Greeman*, 49 AD3d 463, 463-464 [1st Dept 2008], *lv denied* 10 NY3d 934 [2008] [finding that the defendant's claim that a bent MetroCard did not satisfy the forgery statute was foreclosed by guilty plea, and rejecting claim that the defendant pleaded guilty to a nonexisting crime]).

476

Because of defendant's forfeiture, we need not reach the merits of defendant's claim that these thefts could not be aggregated (*see generally People v Buckley*, 75 NY2d 843, 846 [1990]; *People v Cox*, 286 NY 137, 145 [1941]).

We perceive no basis to reduce defendant's sentence. Concur—Richter, J.P., Webber, Kern and Moulton, JJ.