People v Roundtree (2018 NY Slip Op 01249)





People v Roundtree


2018 NY Slip Op 01249


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


1129/14 -5782 5781 5780

[*1]The People of the State of New York Respondent,
v
Stacey Roundtree, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David Klem and Katharine Skolnick of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Dmitriy Povazhuk of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered October 27, 2015, as amended December 8, 2015 and January 21, 2016, convicting defendant, upon his plea of guilty, of attempted sexual abuse in the first degree, and sentencing him, as a second felony offender, to a term of 2½ years, unanimously affirmed. Order, same court and Justice, entered on or about May 13, 2016, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's claims that the five-year-old victim was improperly allowed to testify as a sworn witness before the grand jury, and that there was no corroborating evidence, are essentially a challenge to the sufficiency or admissibility of the evidence before the grand jury. Those claims are forfeited by defendant's guilty plea (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Tammaro, 155 AD3d 473, 475 [1st Dept 2017]). There is no basis for applying the narrow exception for grand jury improprieties that are so egregious as to undermine the integrity of the proceeding (see People v Pelchat, 62 NY2d 97 [1984]).
Defendant's guilty plea was knowingly, intelligently, and voluntarily made. The court correctly informed defendant of the prison and postrelease supervision components of his sentence. It appears, from the limited record, that defendant was ultimately confined by the correctional authorities for a period extending beyond the expiration of his prison term, apparently for reasons relating to his sex offender status and unsettled postrelease housing situation. However, defendant's complaint about that circumstance does not require a finding that he was misled about the length of his sentence or that his plea was otherwise involuntary (see People v Harrett, 16 NY3d 200 [2011]).
We perceive no basis for reducing defendant's 10-year period of postrelease supervision.
With regard to defendant's appeal from his sex offender adjudication, we find that the court providently exercised its discretion in denying a downward departure (see People v Gillotti, [*2]23 NY3d 841 [2014]). There were no mitigating factors that were not adequately taken into account in the risk assessment instrument, and the seriousness of the underlying offense outweighed any such factors.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK