People v Porter (2026 NY Slip Op 00627)

People v Porter

2026 NY Slip Op 00627

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Ind. No. 1670/21|Appeal No. 5795|Case No. 2022-04126|

[*1]The People of the State of New York, Respondent,
vShayron Porter, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sarah Lubin of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J. at hearing; Curtis J. Farber, J. at plea and sentencing), rendered August 15, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 6½ years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). The combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver which forecloses review of his suppression claim (see People v Bawa, 234 AD3d 601, 602 [1st Dept 2025], lv denied 43 NY3d 943 [2025]).
In any event, as an alternative holding, we reject his claim on the merits. The record did not show that the radio run transmitted the identity of the caller, and thus, for purposes of a reasonable suspicion analysis, the tip was anonymous (see People v Brown, 172 AD3d 41, 42 [1st Dept 2019], lv denied 33 NY3d 1067 [2019]). Although the description of a Black man wearing a white t-shirt involved in a dispute with a gun in the lobby of a specified building was generic, the officer observed defendant — a Black man wearing a light colored t-shirt - "right by the entrance to the building" reported in the call, two minutes after the transmission, and he was the only person at the location who matched the radioed description. This provided the officers with a founded suspicion that criminal activity was afoot (see generally, People v DeBour, 40 NY2d 210, 223 [1976]). That founded suspicion was elevated to reasonable suspicion when the officer, approaching in a marked vehicle, observed defendant walking quickly toward a black vehicle that was moving slowly through the crosswalk. Defendant entered the front passenger seat of the car, which quickly drove away before defendant closed the car door. This "unusual" behavior drew the officer's attention to defendant, and in conjunction with the radioed information, provided the officer with reasonable suspicion that defendant was involved in a crime (see People v Williams, 146 AD3d 410, 411 [1st Dept 2017], lv denied 29 NY3d 954 [2017]; People v Curtis, 29 AD3d 316, 317 [1st Dept 2006], lv denied 7 NY3d 866 [2006]).
Defendant's challenges to counts 2, 3, and 4 of the indictment, based on the failure of the indictment to allege that the firearm was operable, are moot because he was not convicted of those counts (see People v Johnson, 242 AD3d 588, 589 [1st Dept 2025]; People v Watts, 234 AD3d 620, 621 [1st Dept 2025], lv denied 43 NY3d 1059 [2025]). In any event, his claims are non-jurisdictional and were waived by his guilty plea (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Tammaro, 155 AD3d 473, 475 [1st Dept 2017], lv denied 30 NY3d 1109 [2018]). The indictment was not jurisdictionally defective for omitting the material element of operability. Although the text of Penal Law §§ 265.03(1)(b), 265.03(3), and 265.02(3) is silent regarding operability, it is well established that by citing the name of the statute, the People alleged all of the statutory elements, even those that are the product of a "judicial gloss"
(see People v Smith, 237 AD3d 590, 590-591 [1st Dept 2025], lv denied 43 NY3d 1048 [2025]; People v Daniels, 224 AD3d 554 [1st Dept 2024], lv denied 41 NY3d 982 [2024]; People v Luis R., 220 AD3d 549, 549-550 [1st Dept 2023], lv denied 41 NY3d 1080 [2025]). Count 4 of the indictment, charging possession of a large capacity ammunition feeding device, is not jurisdictionally defective for failing to allege the proviso, contained in Penal Law § 265.02(8) at the time of defendant's crime but since removed, permitting possession if that person lawfully possessed the device before January 15, 2013 and met other conditions, as such information was uniquely within defendant's knowledge such that affirmatively proving it would require the People to go to "intolerable lengths" (see People v Davis, 13 NY3d 17, 32 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026