Chief Judge Fuld.
On this appeal, we are asked to overturn this State’s settled rule and allow a defendant, charged with a felony, to waive indictment by a grand jury and go to trial on an information filed by the District Attorney.
In October of 1969, informations were filed against Clarence Smith in the District Court of Nassau County accusing him of a misdemeanor—possession of a narcotic drug (Penal Law, § 220.05) — and a felony—possession of a loaded weapon (Penal Law, § 265.05, subd. 2). He was held for the grand jury on the felony charge. However, the District Attorney, wishing to test the validity of the procedure, filed an information against Smith in the County Court of Nassau County, charging him with both the felony and the misdemeanor. Upon his arraignment in that court, represented by counsel and advised of his right to have his case presented to the grand jury, he waived its presentation to that body and consented to prosecution on the felony information. The petitioner, as foreman of the Nassau County Court Grand Jury, thereupon instituted this article 78 proceeding in the Appellate Division to prohibit the District Attorney from prosecuting, and the seven County Court Judges from trying, Smith on the ground that, absent indictment by a grand jury, he could not be prosecuted for a felony. The petitioner maintained, and the Appellate Division agreed, that the County Court was without jurisdiction in view of the explicit prohibition contained in article I, section 6, of the State Constitution.
*3 Imbedded in our Constitution is the fundamental principle that “No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury ” (art. I, § 6), and this court has unequivocally held that the right thus conferred may not be waived. (See People ex rel. Battista v. Christian, 249 N. Y. 314; see, also, People v. Miles, 289 N. Y. 360, 362; People ex rel. Wachowicz v. Martin, 293 N. Y. 361, 364.) In the Battista case (249 N. Y. 314, supra), the court struck down and invalidated a 1925 statute — section 222 of the Code of Criminal Procedure — which expressly provided that one accused of a felony could waive grand jury action and indictment and consent to prosecution on an information filed by the District Attorney.
The doctrine of stare decisis does not enjoin departure from precedent or preclude the overruling of earlier decisions (see, e.g., Bing v. Thunig, 2 N Y 2d 656; Woods v. Lancet, 303 N. Y. 349; Williams v. Florida, 399 U. S. 78, 118-138 [per Harlan, J. concurring]) but a court should overturn its previous holdings only where the principles announced prove unworkable or ‘‘out of tune with the life about us, at variance with modern-day needs and with concepts of justice ’’. (Bing v. Thunig, 2 N Y 2d 656, 657, supra.) No such basis exists for overruling our decision in People ex rel. Battista v. Christian (249 N. Y. 314, supra); the same reasons which justified the court in ruling as it did in 1928 support its affirmation today.
The decision we are now asked to make, without even the benefit of legislation, would, as the court wrote in Battista (249 N. Y., at pp. 317-318), “ authorize the [very] thing which the Constitution expressly forbids. The organic law decrees that no one shall be held to answer for an infamous crime until after a grand jury shall have considered the evidence against him. * * * We are not dealing with policy, expediency or convenience ”—as a district attorney or judges may see it — “ but with public fundamental rights fixed by the Constitution.” Moreover, it is just as true today, as it was 40 years ago, that ‘ ‘ waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result. A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction *4 to try, condemn and punish, is binding upon the individual and cannot he disregarded by him. The public policy of the State as expressed in the Constitution, takes precedence over his personal wish or convenience. Article 1, section 6, proceeds far beyond the point of conferring a mere personal privilege. Unqualifiedly, it prohibits the trial of any one charged with infamous crime except on * * * indictment by a grand jury. Until the grand jury shall act, no court can acquire jurisdiction to try. In the most solemn and absolute language the Constitution dictates the only method by which one can he held to answer for murder, burglary, arson or any other infamous crime. Without the prescribed action by a grand jury, all our other tribunals are powerless to proceed. Such action is the foundation of jurisdiction ” (pp. 318-319).
The question, as the Battista court then saw it, was not whether an individual defendant chooses to waive the protection afforded by having a grand jury decide, on the basis of evidence presented to it, that a felony was committed but, rather, that the People as a whole have the right to demand that facts indicating the commission of a felony be presented to the grand jury. To insist that that body hear and sift the evidence, and vote an indictment only if it finds the proof sufficient to support it, may be time-consuming and may delay the taking of pleas of guilty. But, as the court observed in Battista, we are dealing with public fundamental rights fixed by the Constitution ‘ ‘ not * * * with policy, expediency or convenience ”.
Although there has been considerable criticism of the grand jury and the way in which it functions (see, e.g., Van Voorhis, A History of New York State Grand Juries, 26 Albany L. Rev. 1; Whyte, Is the Grand Jury Necessary?, 45 Va. L. Rev. 461; Kranitz, The Grand Jury: Past-Present-No Future, 24 Mo. L. Rev. 318), and although a number of jurisdictions permit one accused of a felony to waive indictment,[1] in New York it is our own State Constitution which we are construing and, in so many words, it prohibits prosecution for a felony absent an *5 indictment by the grand jury. Indeed, section 6 of article I stems from a provision of the Charter of Liberties and Privileges which the Colony of New York adopted in 1683 and, since 1821, the guarantee of grand jury intervention and indictment has been contained in our Constitution. A number of attempts over the years to amend the provision and allow for a waiver have ended in failure. (See, e.g., Revised Record, New York State Constitutional Convention of 1915, p. 4237; Concurrent Resolution of Legislature, 1916, A. Int. No. 53, Pr. No. 53; Concurrent Resolution, 1917, S. Int. No. 24, Pr. No. 24; Proceedings of New York State Constitutional Convention, vol. VI, Doc. 101 [1967], p. 215; 1967 Proceedings of New York State Constitutional Convention, vol. XI, Doc. 60 [1967], p. 3; Concurrent Resolution of Legislature, 1970, S. Int. No. 6349.)
Of course, as the court pointed out in People ex rel. Battista (249 N. Y., at p. 321), the Legislature and the electors of this State may, if so minded, delete the constitutional prohibition and permit the prosecution of an infamous crime without the intervention of a grand jury but, short of that, the necessity for indictment can no more be obviated than could the constitutional right to trial by jury in criminal cases (N. Y. Const., art. I, §2). It is of considerable significance that, until section 2 of article I was amended to allow a defendant to forego a jury trial in criminal cases (see People v. Carroll, 3 N Y 2d 686; People v. Duchin, 12 N Y 2d 351), the right to such a trial could not be waived. (See People v. Cosmo, 205 N. Y. 91, 95-96, 99.)
In short, the State has a deep-rooted concern in protecting the rights of those accused of crime and of safeguarding their liberties. An unknowing defendant, even with a lawyer at his side, may consider it to his best interest to waive presentation of evidence to the grand jury, to be tried on an information and plead guilty to it, only to discover that it really was to his advantage to appear himself before the grand jury (Code Crim. Pro., § 250) and have witnesses testify and give their version of the facts to the grand jurors. The People of the State of New York, by constitutional provision, and the courts, by decisional law, have solemnly and deliberately determined that it is preferable to have a responsible and objective group such as the grand jury, rather than a prosecutor alone, decide whether the evidence at hand is such “as * * * would *6 * * *warrant a conviction by the trial jury ” ('Code Crim. Pro., § 251) before subjecting the defendant to the jeopardy of prosecution and conviction.
The order appealed from should be affirmed.

. More than 25 jurisdictions have provisions, either in constitution or statute, which authorize felony prosecutions on information either with or without the consent of the defendant. (See, e.g., People v. Bradley, 7 Ill. 2d 619; Tuttle v. State, 158 Me. 150; Heath v. State, 198 Md. 455, 463-464; De Golyer v. Commonwealth, 314 Mass. 626, 633; Ex parte Stephens, 171 Ohio St. 323.)