Harold E. Collins, J.
In this matter the defendant is being prosecuted on a superior court information charging the defendant with the crime of grand larceny in the second degree.
The defendant now moves in this court for the production of the felony complaint papers filed in the Long Beach City Court for the purpose of inspection by this court on the ground that such papers will demonstrate that the defendant was held in the city court on a charge of grand larceny in the third degree whereas the superior court information charges him with the commission of the higher degree of crime of grand larceny in the second degree.
The defendant also moves for an amendment of the superior court information to the extent of conforming the superior court information to the grade of crime charged in the Long Beach City Court. In addition the defendant moves for a bill of particulars, discovery and inspection and certain pretrial hearings.
It appears clear from a reading of the statute (CPL 200.70) that a superior court information may only be amended upon application of the People and then only within the limitations set forth in the statute (see CPL 200.70, subd 2). Thus, amend *1033 ment of the information, as requested by the defendant is inapplicable on this motion.
While the precise relief requested seems to be misplaced, an examination of the moving papers and the court file in this matter indicates, however, that a serious question exists concerning the legal sufficiency of the superior court information and, indeed, the waiver of indictment upon which this information is founded.
Since in the opinion of this court the defect is of such magnitude as to be jurisdictional in nature and of constitutional proportions, as hereinafter indicated, the appropriate remedy would be a motion to dismiss the superior court information, upon notice to the People, pursuant to an applicable subdivision of CPL 210.20.
The relatively new procedure of waiver of indictment and prosecution by superior court information emanated from the constitutional amendment approved by the electorate in November, 1973, and which became effective January 1, 1974 (NY Const, art I, § 6). Similarly, of course, the implementing statutes as contained in the CPL directly result from, the addition of the waiver and information provisions to the State Constitution (see CPL arts 195, 200).
Inasmuch as the waiver procedure has constitutional roots, it is first necessary, therefore, to examine the constitutional provisions in order to determine to what extent a person may waive indictment and consent to be prosecuted by information.
In its pertinent part, section 6 of article I of the New York State Constitution provides as follows: "No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney”. (Emphasis supplied.)
The primary thrust of this constitutional mandate is clearly that no one may be accused of a capital or infamous offense, such as a felony, except by indictment of a Grand Jury. As stated by the Court of Appeals in the case of Matter of Simonson v Cahn (27 NY2d 1) this is a basic, fundamental right firmly imbedded in our organic law and does not express *1034 a personal privilege but establishes the public policy of this State.
The only exception carved out of this established constitutional principle arises by virtue of the recent amendment and occurs where a person accused of an offense has been held for action of the Grand Jury upon a charge for that particular offense. Under such singular circumstances a person may waive indictment and consent to be prosecuted by an information in relation to the charge for which he was held in the local criminal court.
In view of the limitations expressed in the Constitution, the implementing statutes, as contained in the CPL, as would be expected, similarly restrain the utilization of the waiver of indictment process. Thus CPL 195.20 states that the waiver shall name each offense to be charged in the superior court information which "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40.” (See, also, CPL 200.15.)
Indeed, the constitutional exception concerning waiver of indictment is so narrow in scope that doubt has been cast on the legislative enactments permitting inclusion of joinable offenses in the waiver of indictment, and the consequent superior court information.
In this connection Bellacosa’s Practice Commentary (McKinney’s Cons Laws of NY, Book 11 A, 1975-1976 Pocket Part, CPL 195.20, p 56) makes the following observation: "Careful note must be taken of the second sentence of this section which seems to permit the inclusion of other 'joinable’ offenses within the waiver of indictment. The constitutional exception, however, appears to limit the waiver procedure to offenses 'for which the defendant was held for the action of a grand jury’, i.e., those specified in the felony complaint. Unless a broad construction is given to the constitutional and statutory exception permitting a bypass of the grand jury, an argument could be made that joined offenses for which the accused was not held for the action of the grand jury may not be subject to waiver of indictment and the prosecution might be rendered defective.”
In the light of this constitutional and legislative posture it is pertinent to examine the felony complaint papers in the instant matter which have been forwarded to this court by the Long Beach City Court pursuant to the requirements of the *1035 statute (CPL 180.30), inasmuch as the defendant waived a hearing on the felony complaint in the city court. Those papers reveal that the only charge for which the defendant was held for Grand Jury action was grand larceny in the third degree.
The waiver of indictment signed by the defendant in this court recites that the defendant was held for action of the Grand Jury on the felony complaint bearing the same number as that in the Long Beach City Court, namely, the complaint charging grand larceny in the third degree. The waiver also states, however, that the defendant consents to be prosecuted on the superior court information attached to and made a part of the waiver and, as already indicated, that information charges the defendant with grand larceny in the second degree. As may be readily apparent the end result of this procedure is that the defendant is being prosecuted for a greater offense than that for which he was held for the Grand Jury.
It is manifest, therefore, that both the waiver of indictment and superior court information in this matter exceed the express constitutional and statutory limitations and are therefore defective.
Significantly, the Court of Appeals in Simonson v Cahn (27 NY2d 1, supra) emphatically reiterated the holding in People ex rel. Battista v Christian (249 NY 314), decided. 42 years previously, to the effect that such a waiver of indictment, even if sanctioned by legislative enactment, is jurisdictionally defective unless authorized by the Constitution.
As appropriately stated in the Battista case (249 NY 314, 318-319, supra): "A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual and cannot be disregarded by him. The public policy of the State as expressed in the Constitution, takes precedence over his personal wish or convenience. Article 1, section 6, proceeds far beyond the point of conferring a mere personal privilege. Unqualifiedly, it prohibits the trial of any one charged with infamous crime except on presentment or indictment by a grand jury. Until the grand jury shall act, no court can acquire jurisdiction to try.”
As previously indicated the motion to amend the superior court information must be denied and it is so ordered. Since, however, in the opinion of the court the waiver of indictment *1036 and superior court information are jurisdictionally defective, it is therefore further ordered that the time of the defendant to move to dismiss the information, in the interests of justice, is hereby extended beyond the 45-day limit (CPL 255.20) provided, however, that such motion is brought within 15 days from the date hereof. Pending further proceedings in accordance with the decision herein, the defendant’s requests for a bill of particulars, discovery and pretrial hearings are denied, subject to renewal if deemed appropriate.