Harold E. Collins, J.
The defendant, Donald Smith, moves *71 to dismiss the superior court information in this matter pursuant to CPL 210.20 on the ground that the information charges an offense other than the one for which he was held by the Long Beach City Court for action of the Grand Jury.
This matter was previously the subject of consideration by this court in relation to a motion to amend the superior court information (see People v Smith, 86 Misc 2d 1032). In its decision on the former motion this court expressed the view that under the provisions of the recent amendment to the New York State Constitution a person may only waive indictment and consent to be prosecuted by superior court information in relation to the charge in the local criminal court for which that person was held for Grand Jury action (see NY Const, art I, § 6).
This precise issue, however, could not be decided on the previous motion and it required this motion to dismiss to place the question squarely before the court.
It is undisputed that the defendant herein was charged in the local court with grand larceny in the third degree and that he was held for Grand Jury action in relation to that charge. The superior court information, however, does not charge that offense but, rather, charges grand larceny in the second degree, manifestly, a higher degree of the crime of larceny.
The District Attorney, in opposing this motion, does not dispute the validity of the court’s position in its previous decision.
It is contended, however, that under the terms of the legislative enactments which implemented the constitutional amendment the waiver of indictment and the superior court information "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith” pursuant to CPL 200.20 and CPL 200.40 (CPL 195.20; CPL 200.15). The District Attorney argues, therefore, that the offense of grand larceny in the second degree was properly included in the superior court information in the case at bar.
As was previously pointed out by this court on the former motion, serious doubt exists concerning the validity of the statutes permitting the inclusion of joinable offenses in view of the narrow scope of the constitutional provision pertaining to waiver of indictment (see Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11a, CPL 195.20).
*72 Indeed, in view of the plain and precise language of the constitutional amendment it may even be argued that the implementing statutes, at least in relation to the waiver of an indictment, may have been unnecessary since the constitutional provisions would appear to be self-executing (People v Carroll, 3 NY2d 686).
It is not required to reach those questions in the case at bar, however, since the short answer to the District Attorney’s contention is that grand larceny in the second degree has not been joined with anything either in the waiver of indictment or the superior court information in this matter; rather, it has been substituted for the offense for which the defendant was held by the Long Beach court.
In any event, under the facts of this case grand larceny in the second degree would not be an offense properly joinable with grand larceny in the third degree. The felony complaint in the Long Beach City Court charges the defendant with committing the offense of grand larceny in the third degree by stealing currency in excess of $200 and checks in excess of $80. As may be noted the property stolen consists of cash and checks and little doubt can exist that the value of such items is readily ascertainable. Since the felony complaint did not charge grand larceny second degree, it is evident that the charge relates to cash and checks less than $1,500 in amount.
Thus the single act of stealing property over $250 but less than $1,500 in value constitutes the offense charged.
The statute relating to joinable offenses (CPL 200.20) provides that two offenses are joinable when they are based upon the same act. Under the statute, however, even if based upon the same act, there must be two offenses in order that they may be joinable. An offense is defined as follows: "An 'offense’ is committed whenever any conduct is performed which violates a statutory provision defining an offense; and when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense.” (CPL 40.10, subd 1.)
Under the facts of this case it would be evident that the defendant’s act of stealing less than $1,500 did not violate another statutory provision, such as grand larceny in the second degree, and thus such higher degree of larceny did not constitute an additional separate and distinct offense which could be joined with the offense charged in the felony complaint.
*73 Indeed, as alluded to above, the crime for which the defendant could consent to be prosecuted was not even included in the waiver of indictment or the superior court information.
If in some measure an error was made in laying the felony complaint in the local criminal court, it cannot be corrected by charging a higher degree of crime in the superior court information and labeling it a joinable offense.
It is the conclusion of this court, therefore, that the defendant is being prosecuted by superior court information for an offense not constitutionally permissible. Moreover, as previously pointed out by this court unless expressly authorized by the Constitution a defendant may not waive his right to be prosecuted by indictment and any such purported waiver is jurisdictionally defective (Matter of Simonson v Cahn, 27 NY2d 1; People ex rel. Battista v Christian, 249 NY 314; see, also, People v Patterson, 39 NY2d 288, 295). The only waiver permitted by the recent constitutional amendment is in relation to the offense for which the defendant was held in the Long Beach City Court for Grand Jury action, namely, grand larceny in the third degree and no such valid waiver exists in this matter.
For the foregoing reasons and for the reasons previously expressed by this court the superior court information is dismissed and it is so ordered.