## (October, 14, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SLEDGE, JR., Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered September 15, 1980, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree. Defendant and another were arrested and charged in a felony complaint with murder in the second degree, based on their allegedly having killed one Litke during the course of a robbery on July 29, 1980. Following a preliminary hearing, and before presentation to a Grand Jury, defendant, on August 22, 1980, waived indictment and consented to be prosecuted by a superior court information charging him with manslaughter in the first degree, to which he ultimately pleaded guilty. He was sentenced to a term of 10 to 20 years to run consecutively to any time he owed on a prior conviction in North Carolina. Upon this appeal, defendant contends that the waiver of indictment was invalid and prohibited by section 6 of article I of the New York State Constitution and CPL 195.10. He further contends that the sentence imposed was harsh and excessive. The primary issue on this appeal is whether a defendant may waive indictment and consent to be prosecuted by a superior court information where the felony complaint upon which he has originally been held for Grand Jury action charges a class A-1 felony punishable by life imprisonment. Prior to January 1, 1974, section 6 of article I of the State Constitution provided in pertinent part, that "[N]o person shall be held to answer for a capital or otherwise infamous crime \* \* \* unless on indictment of

---

a grand jury". Essentially, the provision confers more than a mere personal privilege. It constitutes a "fundamental public [right]" to prosecution by indictment of a Grand Jury, nonwaivable under any circumstances (*Matter of Simonson v Cahn,* 27 NY2d 1, 4). Effective January 1, 1974, section 6 was amended to provide a limited exception to this rule, as follows: "a person *held* for the action of a grand jury *upon a charge* for such an offense, *other than one punishable by* death or *life imprisonment,* with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney." (Emphasis added.) Enabling legislation was subsequently enacted in CPL article 195. The essential purpose of the constitutional amendment was to create a procedural mechanism "to allow a defendant who wishes to go directly to trial without waiting for a grand jury to hand up an indictment, to do so" (Governor's Memorandum, NY Legis Ann, 1974, pp 9-10). The procedure was designed to afford such a defendant a speedier trial and to save time and expense in avoiding unnecessary Grand Jury proceedings. By no means, however, was the waiver exception created to nullify the traditional necessity for Grand Jury indictment in circumstances outside the delineated exception. We emphasize that prosecution by indictment remains a "fundamental public right" to which only the "single exception" of section 6 of article I applies (*People v Iannone,* 45 NY2d 589, 593, n 4; see *People v Calbud, Inc.,* 49 NY2d 389, 395, n 3). The language of the amendment, which is clear and unambiguous, should be construed to maintain this fundamental principle (see, generally, 20 NY Jur 2d, Constitutional Law, § 25, p 76). It is pertinent here that the waiver exception is unavailable where the charge upon which a defendant is held for Grand Jury consideration is "one punishable by * * * life imprisonment". The instant case falls squarely within this limitation. Defendant was held over for Grand Jury action on a felony complaint charging him with the crime of murder in the second degree, a crime punishable by life imprisonment (see Penal Law, §§ 125.25, 70,00, subd 2, par [a]). As such, he was prohibited by the express language of section 6 from waiving indictment (NY Const, art I, § 6). Contrary to the People's contention, in determining whether a waiver is constitutionally authorized, our focus is not on the charge in the superior court information, but on the specific offense upon which a defendant is bound over, i.e., that specified in the felony complaint (see *People v Herne,* 110 Misc 2d 152; *People v Smith,* 88 Misc 2d 70; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A [1972-1981 Supp Pamphlet], CPL art 195, p 148). That defendant was charged in a superior court information with a class B felony, manslaughter in the first degree, is of no moment. As a result, the plea to the information was a nullity and jeopardy did not attach (cf. *Matter of Simonson v Cahn,* 27 NY2d 1, *supra; People ex rel. Battista v Christian,* 249 NY 314; *People v Alfano,* 75 AD2d 584; *People v Herne,* 110 Misc 2d 152, *supra*). Accordingly, defendant's plea of guilty to manslaughter in the first degree should be vacated, the superior court information dismissed, and the case remitted to the County Court of Sullivan County with leave granted to the People to present this matter to the Grand Jury. We need not reach defendant's remaining contention. Judgment reversed, on the law, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent herewith. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.