■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JACOY, Appellant.—Kane, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 23, 1987, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was arrested on November 20, 1986 and charged with a violation of Penal Law § 220.18 (1), criminal possession of a controlled substance in the second degree, a class A-II felony. He was arraigned before a Justice of the local criminal court of an adjoining town due to the unavailability of the Justice of the appropriate town court to whom the felony complaint and all other pertinent documents were transferred for further preliminary proceedings. However, the complaint and related documents were not received and no further proceedings transpired in the local criminal court. Instead, plea negotiations were entered into by defendant's attorney and the Assistant District Attorney and an application by the People and defendant to County Court for waiver of indictment and arraignment upon a superior court information charging one count of a violation of Penal Law § 220.18 (1) was granted (see, CPL 195.10). Thereafter, in accordance with a negotiated plea, defendant pleaded guilty to a violation of Penal Law § 220.16 (12), criminal possession of a controlled substance in the third degree, a class B felony, and was thereafter sentenced to an indeterminate prison term of 3⅓ to 10 years. This appeal ensued.

We reverse. A waiver of indictment wherein the charge in the felony complaint is a class A felony is constitutionally impermissible and a nullity (NY Const, art I, § 6; CPL 195.10;

*People v Sledge,* 90 AD2d 588, *lv denied* 58 NY2d 977). Accordingly, defendant's plea of guilty must be vacated, the superior court information dismissed, and the matter remitted to the court of original jurisdiction for further proceedings on the felony complaint.

Judgment reversed, on the law, guilty plea vacated and matter remitted to the Justice Court of the Town of Elmira for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.