■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE J. MURPHY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered February 9, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The People have made a motion for summary reversal.

Ordered that the unopposed motion by the People for summary reversal is granted; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty upon superior court information No. 87-01580-01 is vacated and the information is dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury; and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him forthwith, before the County Court, Westchester County, at which time that court shall issue a securing order pursuant to CPL 470.45 and 530.40, either releasing the defendant upon his own recognizance, or fixing bail, or committing him to the custody of the Sheriff of Westchester County pending submis-

sion of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]); and it is further,

Ordered that the securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to submit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of submission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following submission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Westchester County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to submit the case to a Grand Jury.

In the present case, the defendant has made a motion for an order staying the execution of the judgment of conviction pending his appeal to this court *(see,* CPL 460.50). Among the contentions asserted by the defendant in support of his motion is the argument that the County Court erred in approving his written waiver of his right to be tried only upon the indictment of a Grand Jury. The defendant argues that since he was originally charged in a felony complaint filed in the Justice Court, Town of Mamaroneck, Westchester County, on September 4, 1987, with the crime of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), a class A-II felony with respect to which a sentence of imprisonment for life is authorized (Penal Law § 70.00 [2] [a]), it was beyond his capacity to waive his right to be tried upon an indictment (NY Const, art I, § 6; CPL 195.10 [1] [b]).

The People responded to the defendant's motion by making a cross motion for summary reversal. In support of that application, it is conceded by the People that the County Court committed jurisdictional error in allowing the defendant to waive his right to an indictment. At the time of this purported waiver, the defendant was awaiting "the action of a grand jury upon a charge * * * punishable by death or life imprisonment" (NY Const, art I, § 6). Therefore, pursuant to the State Constitution (NY Const, art I, § 6) and pursuant to the Criminal Procedure Law (CPL 195.10 [1] [b]), the prosecution against the defendant could not proceed in the absence of an indictment, even though the defendant might have consented to such a procedure. The prosecution of the defendant for a class A felony in the absence of an indictment was, in other words, a nonwaivable jurisdictional defect which re-

quires reversal of the judgment of conviction, a vacatur of the superior court information (see, CPL 195.40) and reinstatement of the felony complaint with leave to the People to present the appropriate charges to a Grand Jury (see, People v Jacoy, 138 AD2d 837, 838; People v Sledge, 90 AD2d 588; People v Alfano, 75 AD2d 584; see also, People v Banville, 134 AD2d 116, 125; People v Lee, 100 AD2d 357, 359).

Since the defendant has waived his right to a preliminary hearing on the felony complaint (CPL 180.10 [2]; 180.30), he must now be held for the action of the Grand Jury, and the present prosecution must therefore be considered to be pending in the County Court, rather than in the Mamaroneck Justice Court in Mamaroneck (CPL 180.30 [1]). The County Court therefore has the authority to issue a securing order pursuant to the terms of CPL 530.40, and is hereby directed to consider whether, and upon what terms, such a securing order should be issued. Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.