OPINION OF THE COURT
 

 Bellacosa, J.
 

 This appeal involves another variation in the use of superior court informations to prosecute and quickly conclude criminal proceedings by negotiation and guilty plea. Such instruments are used in place of an indictment and the otherwise constitutionally required Grand Jury process. Since 1974, article I, § 6 of the State Constitution and CPL 195.10 permit an accused to waive indictment and plead guilty to charges under carefully prescribed and limited conditions. The circumstances of this
 
 *548
 
 case do not qualify for the alternative waiver of indictment authorization.
 

 Defendant was charged in a felony complaint with murder in the second degree (Penal Law § 125.25 [1]) and various criminal weapon possession counts arising out of a fatal shooting in 1993. He was held on this complaint for action by a Grand Jury. Meanwhile, defendant and the People negotiated a plea package. Defendant was to plead guilty to lesser offenses (manslaughter in the first degree as the highest and most serious count) in connection with the 1993 homicide and also plead guilty to lesser charges in satisfaction of a separate, unrelated indictment. Concurrent sentences with maximum 25-year terms of incarceration were then to be imposed.
 

 To effectuate this agreement, the People prepared and filed a superior court information, charging defendant with manslaughter in the first degree and criminal use of a firearm in the first degree. No indictment on any criminal conduct involving the 1993 incident was ever sought or obtained. At a court appearance on the superior court information, the terms of the plea agreement were discussed and defendant waived indictment. The voluntariness and technical execution of this waiver are not at issue. He pleaded guilty to the charges contained in the information and was sentenced in accordance with the agreement.
 

 The Appellate Division reversed. It found the waiver of indictment procedure unavailable and invalid in these circumstances, as have the other three Departments of the Appellate Division in resolving parallel fact patterns (see,
 
 People v Murphy,
 
 147 AD2d 715, 716-717 [2d Dept];
 
 People v Sledge,
 
 90 AD2d 588, 589 [3d Dept];
 
 People v Woolson,
 
 195 AD2d 949, 950 [4th Dept]; see
 
 also, People v Marty,
 
 150 AD2d 171, 172 [1st Dept]). The People’s appeal is here by leave granted by a Judge of this Court.
 

 New York State’s Constitution provides that no person shall be made to answer for a capital or infamous crime except upon indictment by a Grand Jury (NY Const, art I, § 6). For a long time, neither a guilty plea
 
 (People ex rel. Battista v Christian,
 
 249 NY 314, 321 [1928]) nor a waiver of indictment
 
 (Matter of Simonson v Cahn,
 
 27 NY2d 1) could obviate this constitutional prerequisite and protection.
 

 In November 1973, the State Constitution was amended to provide a carefully circumscribed exception to the indictment requirement, upon two separate Legislatures having passed
 
 *549
 
 the precise language and the electorate of the State voting approval (1973 NY Senate-Assembly Bill S-1838, S-2383, A-48; 1971 NY Assembly Bill A-6912; see, NY Const, art XIX, § 1). As amended, the Constitution provides that "a person held for the action of a grand jury upon a charge for such an offense,
 
 other than one punishable by death or life imprisonment,
 
 with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his counsel” (NY Const, art I, § 6 [emphasis added]).
 

 After approval of the constitutional provision, the Legislature enacted the implementing article 195 of the Criminal Procedure Law
 
 (see,
 
 L 1974, ch 467;
 
 see also,
 
 Mem of State Executive Dept, 1974 McKinney’s Session Laws of NY, at 2006). CPL 195.10 (1) states that a defendant may waive indictment and consent to be prosecuted (in practical terms, usually to proceed promptly to plead guilty and terminate the prosecution with a conviction) by a superior court information where (1) the local criminal court has held the defendant for the action of a Grand Jury, (2) the defendant is not charged with a class A felony, and (3) the District Attorney consents to the waiver of indictment.
 

 Not in dispute here are the general purposes and objectives behind the constitutional amendment to allow defendants to obtain speedier disposition of pending criminal charges, while not infringing upon their constitutional protections
 
 (see,
 
 1971 Public Papers of Governor Rockefeller, at 1151-1152). A waiver of indictment and a departure from the constitutional safeguard and procedural
 
 sine qua non
 
 is available, however, only within the express authorization of the governing constitutional and statutory exception. The general good end, then, does not justify specific "end run” means
 
 (see,
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 195.20, at 392-393). To hold otherwise would contradict the history and precedents that necessitated and led to this constitutional amendment in the first place and the as-applied precedents this Court has added to the mix after the 1974 change
 
 (see, People v Boston,
 
 75 NY2d 585, 589;
 
 see also;
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 195.10, at 385-386).
 

 For example, this Court has held that a defendant’s waiver of indictment attempted after a Grand Jury actually indicts is
 
 *550
 
 generally invalid under CPL 195.10 (2) (b) because the plain words of the statute require a waiver be made "prior to the filing of an indictment”
 
 (People v Boston, supra,
 
 at 589). Neither the State Constitution nor statute requires, however, that a superior court information contain every offense appearing in the felony complaint
 
 (People v Menchetti,
 
 76 NY2d 473, 477;
 
 but see, People v Zanghi,
 
 79 NY2d 815, 818). In
 
 People v D’Amico
 
 (76 NY2d 877, 879), this Court held a waiver of indictment valid although defendant had already been indicted for a class A felony, because defendant’s waiver was to lesser charges contained in a new felony complaint upon which the defendant was being held
 
 (id.,
 
 at 879). It, therefore, facially complied with the statute. We expressly reserved judgment on the permutation presented by the instant case (76 NY2d,
 
 supra,
 
 at 879, n 2).
 

 The People now assert that because CPL 195.10 (1) (b) states that the waiver of indictment is permissible if "the defendant is not charged with a class A felony,” defendant’s waiver in this case should be upheld as an extension of the rationale of
 
 People v D’Amico (supra).
 
 We conclude that such an extension is neither justified nor warranted by the rationale of
 
 People v D’Amico,
 
 nor by the statutory language or its purpose. Rather, the People’s theory would constitute a direct contradiction of these governing principles.
 

 The ready answer to the formalism argument of appellant People is that they can lawfully achieve their practical goals by simply complying with the Constitution and governing statutes instead of trying to "steer around” them (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 195.10, at 386, 387; CPL 195.20, at 392-393).
 

 To be sure, the State Constitution in the overall is a lengthy and highly detailed document. While its largely non-self-executing rights are sometimes characterized as technicalities, they are, within a proper and reflective perspective, the embodiment of protections built on history and fair-minded principles that have withstood the test of time and experience. It is not too much to ask that the requirements be satisfied rather than evaded or eroded for the sake of situational expediency
 
 (see, People v Page,
 
 88 NY2d 1).
 

 Because CPL 195.10 was promulgated, as we have already pointed out, to implement the waiver provisions of article I, § 6 of the State Constitution, it must be interpreted consistently with the limitations plainly expressed in the constitutional au
 
 *551
 
 thorization.
 
 People v D’Amico
 
 provides the most recent context for analyzing this development and drawing the appropriate line: "The waiver procedure is triggered by the defendant being held for Grand Jury action on charges contained in a felony complaint (CPL 195.10 [1] [a]) and it is in reference to those charges that its availability must be measured”
 
 (People v D’Amico,
 
 76 NY2d 877, 879,
 
 supra).
 
 The inescapable language of the State Constitution and its directly implementing statute establish the authorizing boundary: when an accused is held for Grand Jury action upon a felony complaint that charges a class A felony, as here, a waiver of indictment with respect to that felony complaint is unauthorized
 
 (see, e.g., People v Woolson,
 
 195 AD2d 949, 950,
 
 supra; People v Marty,
 
 150 AD2d 171, 172,
 
 supra; People v Murphy,
 
 147 AD2d 715, 716-717,
 
 supra; People v Sledge,
 
 90 AD2d 588, 589,
 
 supra).
 
 That is the precise framework of this case. Here, the murder count in the felony complaint is a class A type
 
 (see,
 
 Penal Law §§ 125.25, 70.00 [2] [a]) that was neither reduced nor dismissed, nor was any superseding felony complaint with less than class A felony charges filed. The People’s proffered superior court information and defendant’s waiver, on their face, thus stretch beyond the drawn constitutional and statutory boundaries and our interpretive precedents.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order affirmed.