OPINION OF THE COURT
James D. Gibbons, J.
Defendant Jose Baez, originally charged by felony complaint, waived a hearing on the complaint and was held for the action of the grand jury. He then waived indictment and consented to be prosecuted by superior court information. A superior court information was filed, to which he pleaded guilty. Baez now moves to withdraw his guilty plea, dismiss the superior court information, and vacate his waiver of indictment on the ground that he was not held for the action of the grand jury on the charge named in his indictment waiver and alleged in the superior court information. The Special Narcotics Prosecutor rejoins that Baez was indeed held for the action of the grand jury on that charge.
The parties’ contentions require analysis of what it means, in the view of the Court of Appeals, to hold a defendant for the action of the grand jury where, as here, the defendant has waived a hearing on a felony complaint. The Court of Appeals’s understanding of the “holding” process supports Baez’s assertion that he was never held with respect to the charge named in his indictment waiver and alleged in the superior court information. The waiver was therefore accepted without jurisdiction, and the superior court information is consequently also jurisdictionally defective. Baez’s motion is granted in full.
I set forth the procedural backdrop:
On the night of November 19, 2007, State Police investigators watched Baez carry a black bag into 80 Bennett Avenue in Washington Heights. The bag was seized and found to contain more than $500,000 in cash, claimed by the Special Narcotics Prosecutor to be the proceeds of narcotics traffic. By a one-count felony complaint filed November 20, 2007, Baez was charged based on these events with money laundering in the second degree.
New York’s money laundering statutes are substantially modeled on their modern federal counterparts {see Donnino, Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 470, 2008 Pocket Part, at 192), and, like their *908 chief federal analogue, allow for the prosecution of money laundering under what are sometimes termed “concealment” and “promotion” theories (see generally United States v Garcia-Torres, 341 F3d 61, 65 [1st Cir 2003] [contrasting theories in the federal statute]; United States v Bolden, 325 F3d 471, 486-487 & nn 19, 20 [4th Cir 2003] [same]).[1] The felony complaint charge against Baez, brought under Penal Law § 470.15 (1) (b) (ii) (A) and (iii), rested exclusively on the concealment theory. That is, it alleged, in pertinent part, that Baez conducted one or more financial transactions “[k] no wing that the transaction or transactions in whole or in part [were] designed to . . . conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified criminal conduct.” (Id.)
On November 23, 2007, Baez appeared before me in Part N, which serves both as a Criminal Court part and a Supreme and Special Narcotics part. There, in Criminal Court proceedings, Baez waived his right to a hearing on the felony complaint and I held him for the action of the grand jury on the felony complaint charge.
Baez’s prosecution then underwent an immediate and significant change in theory. In Supreme Court proceedings before me that same day, the prosecution requested that Baez waive indictment and consent to be prosecuted by a superior court information charging money laundering in the second degree exclusively under the promotion theory set forth in Penal Law § 470.15 (1) (b) (i) (A) and (iii). Under that theory, the prosecution is not required to prove that the defendant acted with knowledge that the transaction was designed to conceal the nature, location, source, ownership, or control of proceeds of past criminal conduct. However, it must prove, in pertinent part, that the defendant conducted one or more financial transactions “[w]ith intent to . . . promote the carrying on of specified criminal *909 conduct.” (Id.) The variance from the felony complaint theory struck me as unusual, and I inquired of the prosecutor whether it was intended. I was told that it was. I allowed it, and Baez waived indictment by a document naming money laundering in the second degree exclusively under the statutory provisions defining the promotion theory.
In subsequent November 23 proceedings, a one-count superior court information charging money laundering in the second degree exclusively under the promotion theory was filed, and Baez pleaded guilty to it in exchange for a promise that he would be sentenced, on compliance with certain conditions, to five years’ probation.
Soon after accepting the plea, I became concerned that, due to the shift between the felony complaint theory and the theory in the waiver and superior court information, the waiver and ensuing guilty plea had contravened state law limitations. On December 17, 2007, at my request, the parties appeared before me and I told them that I thought I had accepted the waiver of indictment and guilty plea without jurisdiction to do so. I granted Baez’s request for an adjournment to retain new counsel.
Newly retained defense counsel has submitted motion papers, dated March 21, 2008, by which Baez moves to withdraw his guilty plea and waiver of indictment. Baez asserts that the charge named in his waiver of indictment, and alleged in the superior court information, is not the charge on which he had been held for the action of the grand jury. Therefore, he asserts, his waiver violated CPL 195.20 as construed in People v Zanghi (79 NY2d 815 [1991]), and this court lacked jurisdiction to accept it. This contention tracks the view I expressed on December 17. The People have submitted papers opposing this motion, and Baez has submitted reply papers. I have considered the question anew in light of the parties’ contentions. For the reasons which follow, Baez’s motion is granted.
The New York Constitution sets forth the general rule that “[n]o person shall be held to answer for . . . a[n] . . . infamous crime . . . unless on indictment of a grand jury.” (NY Const, art I, § 6.) This was long regarded as a “public fundamental right[ ]” not waivable by individual defendants. (People ex rel. Battista v Christian, 249 NY 314, 318 [1928]; see also Matter of Simonson v Cahn, 27 NY2d 1 [1970]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 195.10, at 189-190 [2007].) However, by a 1973 amendment, ef *910 fective January 1, 1974, the Constitution was altered so as to provide that a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney. (NY Const, art I, § 6 [amended 1973].) The Legislature thereupon enacted article 195 of the Criminal Procedure Law, which sets forth the circumstances under which, within constitutional limitations, such waivers are permitted.
The Court of Appeals, in construing the authority created by the constitutional amendment, has often noted as backdrop the historic bar on waivers of indictment in felony cases (People v Trueluck, 88 NY2d 546, 548 [1996]; People v Boston, 75 NY2d 585, 587 [1990]), and has termed “carefully circumscribed” the amended Constitution’s provision for waivers of indictment. (Trueluck, 88 NY2d at 548.) Consistent with preamendment jurisprudence, the Court has held that both the constitutional and the statutory limits on the permissibility of such waivers are jurisdictional and nonwaivable. (People v Zanghi, 79 NY2d 815, 817 [1991]; see also People v Menchetti, 76 NY2d 473, 475 n [1990]; Boston, 75 NY2d at 587, 589 n.) These limits, and even their “technicalities,” may not be disregarded in the interest of a supposed “general good end.” (Trueluck, 88 NY2d at 549-550.)
CPL 195.20 provides that a waiver of prosecution by indictment must be evidenced by a written instrument naming the offenses to be charged in the superior court information. Of significance here is that statute’s further provision that “[t]he offenses named may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40.” (Id.; cf. CPL 200.15 [“(a) superior court information may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40, but shall not include an offense not named in the written waiver of indictment”].) The Court of Appeals has construed the “may include” clause of CPL 195.20 as “implement[ing]’’ the constitutional requirement that the defendant have been “held for action of a grand jury.” (Zanghi, 79 NY2d at 817.) This it does, in the Court’s view, by proscribing waivers of indictment except where the waiver names, and the superior court informa *911 tion charges, “an offense for which the defendant was held for Grand Jury action.” (Menchetti, 76 NY2d at 475; see also Zanghi, 79 NY2d at 817.)
Baez relies on this rule. As noted above, the felony complaint charged the concealment theory of money laundering in the second degree, and it was with respect to the offense as so charged that I held Baez for grand jury action. As further noted, Baez thereafter waived indictment by a document naming the distinct, promotion theory of money laundering in the second degree, and the promotion theory underlay the sole count of the superior court information, to which Baez pleaded guilty. Baez therefore contends that he impermissibly waived indictment with respect to, and pleaded guilty under a superior court information charging, a crime other than that for which he had been held for the action of the grand jury.
Is Baez correct in asserting that his waiver concerned, and his guilty plea was entered to, an offense for which he had not been held for the action of the grand jury? This question, I conclude, cannot be resolved by an a priori inquiry into the meaning of the term “offense.” Instead, what is determinative is the Court of Appeals understanding of what is required, in this context, for a court validly to “hold” a defendant for the action of the grand jury. The Court’s understanding demonstrates that Baez is correct.
Under New York’s traditional jurisprudence, already noted, “the People as a whole” were deemed entitled to expect that a grand jury would “sift the evidence” to determine whether “proof sufficiently] . . . supported]” a felony charge before a defendant could be subjected to jeopardy under it. This “public” right assured that a “responsible and objective” factfinder would guard possibly “unknowing defendants]” from the risk of baseless conviction. (Simonson, 27 NY2d at 4-6.) That absolute public right was subjected to a “carefully circumscribed” exception by the 1973 amendment to the New York Constitution. (Trueluck, 88 NY2d at 548.) However, the Court of Appeals has construed the amendment’s “held for the action” requirement as ensuring that judicial screening will serve in indictment waiver cases as at least a rough surrogate for the grand jury evidence sifting which was the public’s right theretofore.
In People v D'Amico (76 NY2d 877 [1990]), for example, the Court addressed a case where, as here, the defendant waived a hearing on a felony complaint and then waived indictment. The *912 D’Amico defendant asserted in the Court of Appeals, for reasons not directly pertinent here, that the waiver of indictment had transgressed limitations of CPL article 195 in such a way as to undermine the authority of the grand jury. In rejecting this argument, the Court emphasized as “not . . . insignificant” that the defendant had been held for the action of the grand jury prior to waiving indictment. (76 NY2d at 880.) This was significant, the Court explained, because “an order holding [a] defendant for Grand Jury action requires a judicial determination that probable cause exists to believe that the defendant committed a felony.” (Id.)
This understanding was further developed in Zanghi, the case chiefly relied on by Baez. There, the defendant had been charged by felony complaint with criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree. He had waived a hearing on the complaint, and had been held by the arraignment court for grand jury action with respect to those charges. He then waived prosecution by indictment by a document naming the charge of criminal possession of stolen property in the third degree, and pleaded guilty to a one-count superior court information charging that crime. The Court of Appeals concluded that the waiver of indictment and guilty plea were accepted without jurisdiction because the defendant had not been held for grand jury action with respect to the third degree charge. (79 NY2d at 816-818.) In so concluding, the Court notably rejected as immaterial the prosecution’s contention that the factual averments in the felony complaint had supported the third degree theory. Even were this so, the Court wrote,
“[sjince the crime charged in the accusatory part of the felony complaint was fourth degree criminal possession, any allegations tending to prove that additional element were mere surplusage and their sufficiency need never have been considered by the arraigning court. Consequently, it cannot be said, in any sense, that the higher crime of third degree criminal possession was an ‘offense for which the defendant was held for action of a grand jury’ (CPL 195.20).” (Id. at 818.)
Thus, Zanghi establishes the Court of Appeals’s understanding that a court may hold a defendant for grand jury action on a felony complaint charge, in the absence of a hearing on the complaint, only where it determines that the complaint’s factual *913 allegations create probable cause to believe the defendant committed “the crime charged in the accusatory part.” (79 NY2d at 818.) As a corollary, a court which has held a defendant for grand jury action in such circumstances will be deemed validly to have done so exclusively with reference to “the crime charged in the accusatory part,” having been under no obligation to consider factual allegations supporting “additional element[s],” no matter how clearly made out. (Id.)[2]
It follows that Baez was never held for grand jury action on the charge named in his indictment waiver, and alleged in the superior court information. Baez was held under a felony complaint the accusatory part of which alleged concealment money laundering. The determination to hold him for grand jury action required a judicial determination of probable cause to believe he committed “the crime charged in the accusatory part,” and it is for this crime exclusively that he could validly have been held, irrespective of whether the complaint’s allega *914 tions would have supported holding him on the promotion theory which “need never have been considered.” (Zanghi, 79 NY2d at 818.) Nor may Baez be deemed to have been held on the promotion theory on the supposition that any finding of probable cause to believe a defendant committed concealment money laundering necessarily implies a finding of probable cause to believe he committed the promotion variety too. (Cf. Menchetti, 76 NY2d at 474-477 [defendant held for grand jury action with respect to offense deemed held likewise on its lesser included offenses].) Simply put, one may knowingly hide the spoils of crime without intending to promote future criminal ventures. Thus, a defendant who commits concealment money laundering will not necessarily commit promotion money laundering concomitantly. (Cf. United States v Jackson, 935 F2d 832, 842 [7th Cir 1991] [opining that “only in the unusual case” will one transaction support both theories].)
I therefore lacked jurisdiction to accept Baez’s waiver of indictment and guilty plea. (Zanghi, 79 NY2d at 816-818.) His guilty plea must accordingly be vacated, the superior court information dismissed, and the waiver of indictment vacated, with further proceedings to follow upon the original felony complaint. (Id. at 816; see also People v Edwards, 39 AD3d 875 [2d Dept 2007]; People v Lucas, 200 AD2d 414 [1st Dept 1994].)
Before concluding, I address the prosecutor’s counterarguments:
First, the prosecutor construes Zanghi merely as barring a defendant who has been held for grand jury action based on a felony complaint from waiving indictment with respect to a charge greater than that alleged in the complaint. Since Baez neither waived indictment with respect to, nor pleaded guilty to, a charge greater than the complaint charge, Zanghi is asserted not to be controlling.
This argument mistakes the principle which dictated the Zanghi result. To be sure, the Zanghi defendant had waived indictment with respect to a charge greater than those in the complaint based on which he had been held for the action of the grand jury, and Zanghi pointed this out in emphasizing the inapplicability of the Court’s Menchetti holding, under which a defendant held for grand jury action with respect to a crime is deemed held with respect to its lesser included offenses. {Zanghi, 79 NY2d at 817.) However, Zanghi immediately went on to explain that the dispositive flaw in the proceedings at issue consisted in allowing a waiver of indictment which named *915 exclusively a crime the elements of which had not necessarily been the subject of a judicial probable cause finding. (Id. at 818.) This flaw will always exist when a defendant held for grand jury action based on a felony complaint charge thereafter waives indictment exclusively with respect to a greater charge. But the same flaw will exist when, as here, a defendant held for grand jury action on a felony complaint waives indictment exclusively with respect to a charge of equal or lesser degree than any in the complaint, but which requires proof of an element not alleged in any count on which the defendant was held. The Appellate Division has construed Zanghi to bar waivers of indictment in these circumstances. (See Edwards, 39 AD3d at 876-877 [waiver as to crime lesser than any in felony complaint]; People v Colon, 39 AD3d 661 [2d Dept 2007] [equal]; People v Goforth, 36 AD3d 1202 [4th Dept 2007] [lesser], lv denied 8 NY3d 946 [2007]; People v Kohl, 19 AD3d 1155 [4th Dept 2005] [lesser]; People v Quarcini, 4 AD3d 864 [4th Dept 2004] [lesser].)
Second, the prosecutor proffers an assertion that “the charge in the SCI was supported by the facts in the complaint.” Even if true, this is immaterial. The People likewise asserted in Zanghi that the felony complaint supported the information charge, but, as noted, the Court dismissed the point as insignificant because the judge who held the defendant for grand jury action “need never have . . . considered” whether they did so. (79 NY2d at 818.) Likewise here, there was no necessity, in holding Baez for grand jury action, to determine whether the felony complaint’s allegations supported probable cause to believe he had committed promotion money laundering. Thus, even if the allegations did so, this would not alter the fact that, under Zanghi, he was held on a different offense. (Cf. Kohl, 19 AD3d at 1155-1156 [defendant held on credit card theory of grand larceny not held on credit card theory of felony possession of stolen property despite “common elements of fact and law”].)
Finally, the prosecutor maintains that “the defendant’s waiver of indictment did not undermine the purpose underlying the law permitting waivers of indictment.” This is debatable. As noted, the Court of Appeals has construed state law to require, in the stead of grand jury evidence-sifting, a judicial screening function in indictment waiver cases which did not take place as mandated with respect to the charge to which Baez pleaded guilty. But in any case, discussions of “purpose,” divorced from the precise mechanics required, are useless. The “technicali *916 ties” may not be disregarded to achieve a “general good end.” (Trueluck, 88 NY2d at 549-550.)
I have sympathy for the People. New York’s strict limitations on waivers of indictment have often tripped up the unwary (Preiser, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 195, at 191 [2007]), and I, like the prosecutor, was tripped up by them here. Baez seems to me to have been treated fairly, and to have entered a knowing and voluntary waiver of indictment and guilty plea. Nonetheless, I am constrained by Court of Appeals precedent to grant his motion to withdraw his guilty plea, dismiss the superior court information, and vacate his waiver of indictment. The prosecution will proceed upon the felony complaint.

. Federal prosecutors have been permitted to allege both theories conjunctively in support of a single count, yet seek to convict on proof of either (Garda-Torres, 341 F3d at 64-67; Bolden, 325 F3d at 486-487 & nn 19, 20; United States v Booth, 309 F3d 566, 571-573 [9th Cir 2002]; cf. United States v Jackson, 935 F2d 832, 842 [7th Cir 1991] [trial court erred in supposing proof of both required]). Indeed, one federal court of appeals has concluded that it would be improperly multiplicitous to allege in one count that a defendant committed concealment money laundering, and in another, by the same conduct, promotion money laundering. (United States v Stewart, 256 F3d 231, 246-249 [4th Cir 2001]; but see United States v Sierra-Garcia, 760 F Supp 252, 255-257 [ED NY 1991].) I take no view here concerning analogous pleading questions under the New York statutes.

. The Court seems thereby to have implicitly prescribed a more rigorous judicial screening in hearing-waiver cases than contemplated by the CPL. In pre-CPL practice, a local criminal court’s acceptance of a waiver of examination on a felony charge implied no judicial finding that the charge had basis. (Armstrong v Mishkin, 286 App Div 864 [2d Dept 1955]; Hodge v Skinner, 254 App Div 42 [3d Dept 1938].) The CPL’s drafters proposed that, where such waivers were tendered, local courts should be given the power to conduct hearings to weed out bad charges. (Robert M. Pitler, New York Criminal Practice Under the CPL § 3.2, at 151-152 & n 35 [1972].) The Legislature, however, “rejectfed] this proposal” (id.), and provided that when a defendant waives a hearing on a felony complaint, unless the People consent to a CPL 180.50 reduction examination, “the court must . . . [o]rder that the defendant be held for the action of a grand jury of the appropriate superior court with respect to the charge or charges contained in the felony complaint.” (CPL 180.30 [1].) Indeed, respected commentators continue to view the local court’s role in hearing-waiver cases as essentially mechanical. (See Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.30, at 181 [2007] [“Where defendant waives a hearing and the court has fixed a securing order, there is no further function for a local criminal court to perform, other than considering reduction of the charge (pursuant to CPL 180.50)”]; Lawrence K. Marks et al., New York Pretrial Criminal Procedure § 5:10, at 346 [7 West’s NY Prac Series 2d ed 2007] [“When a defendant waives a hearing on a felony complaint, it may be assumed that he or she was held for the action of the grand jury on every charge in the complaint” (footnote omitted)].) Nor, I suspect, has the understanding that probable cause screening must occur in such circumstances filtered down to our State’s busy trial judges, who may confront such cases while coping with hundred-case daily calendars, and who may be loath to search out roadblocks to dispositions agreed to by the parties. Of course, whether the screening function has been superimposed upon the CPL, and whether it is being performed as the Court of Appeals expects, are not material here. My task is to apply the “held for the action” requirement as the Court itself understands and applies it.