Judgment, Supreme Court, New York County (Laura A. Ward, J., at plea; Patricia M. Nunez, J., at sentence), rendered January 29, 2007, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of two years, unanimously reversed, on the law, defendant’s waiver of indictment and guilty plea vacated, the superior court information dismissed, and the matter remanded for further proceedings.
Defendant’s waiver of indictment was invalid because he was charged with a class A felony, even though this class A felony is no longer punishable by life imprisonment, because the statute in effect at the time of defendant’s conviction prohibited waiver of indictment for any class A felony. The fact that the Legislature subsequently amended the statute to allow waiver of indictment for class A felonies not involving life sentences does not permit a different result.
Article I, § 6 of the New York Constitution permits waiver of indictment except where the crime charged is punishable by either death or life imprisonment. However, the Legislature is free to enact statutory provisions governing waiver of indictment that are more restrictive than the limitations imposed by the Constitution, even though the statute itself derives from the Constitution and implements its provisions (see People v Boston, 75 NY2d 585, 588 [1990]). A violation of the statutory provisions governing waiver of indictment, like a violation of the corresponding constitutional provision, is a “mode of proceedings” error exempt from preservation requirements (id. at 589 n).
At the time of defendant’s conviction, CPL 195.10 (1) (b) did not mention life imprisonment; instead, it expressly prohibited *504 waiver of indictment where the defendant had been charged with a class A felony. Until recently, the constitutional reference to crimes punishable by life imprisonment and the statutory reference to class A felonies matched, since all class A felonies were punishable by life imprisonment. However, the Drug Law Reform Act (DLRA) (L 2004, ch 738) eliminated life sentences for class A-I and A-II drug felonies, but retained their designation as class A felonies. In 2008 the Legislature corrected the problem by amending CPL 195.10 (1) (b) to preclude waiver of indictment only where the charge is a “class A felony punishable by death or life imprisonment” (L 2008, ch 401, § 1). Although the relevant events relating to defendant’s case occurred after the effective date of the 2004 DLRA, they also occurred before the 2008 amendment to the CPL. Since defendant’s original charge was the class A-II felony of criminal sale of a controlled substance in the second degree (Penal Law § 220.41), he simply could not waive indictment at the time in question.
A departure from the safeguard of indictment by a grand jury is permitted “only within the express authorization of the governing constitutional and statutory exception” (People v Trueluck, 88 NY2d 546, 549 [1996]). Regardless of whether the Legislature should have amended CPL 195.10 (1) (b) at the same time it revised the drug laws, and regardless of whether its delay in doing so was an oversight, “courts are not to legislate under the guise of interpretation” (People v Finnegan, 85 NY2d 53, 58 [1995], cert denied 516 US 919 [1995]; see also People v Tychanski, 78 NY2d 909 [1991]).
Motion seeking leave to file supplemental brief denied. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.