# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 96  SSM 19
The People &c.,
  Respondent,
   v.
Jonathan Monforte, &c.,
  Appellant.

Submitted by Craig Meyerson, for appellant.
Submitted by Peter H. Willis, for respondent.

MEMORANDUM:

The order of the Appellate Division should be reversed, the guilty plea vacated,

superior court information dismissed, felony complaint reinstated, and the case remitted to

County Court for further proceedings in accordance with this memorandum.

Defendant Jonathan Monforte challenges his conviction of first-degree manslaughter (Penal Law § 125.20 [2]). Defendant was arrested and arraigned upon a felony complaint charging him with second-degree murder and first-degree criminal use of a firearm (Penal Law §§ 125.25, 265.09). Defendant, after being held for the action of the grand jury, waived his right to indictment, agreed to be prosecuted by a superior court information charging only first-degree manslaughter (Penal Law § 125.20 [2]) and pleaded guilty to that offense. County Court accepted defendant's waiver of indictment and guilty plea and sentenced him, in accordance with the plea agreement, to a 25-year term of imprisonment. Defendant now argues that his conviction must be vacated because his waiver of indictment was improper and County Court lacked jurisdiction to accept his plea. We agree.

As a threshold matter, this Court may consider defendant's jurisdictional claim on his direct appeal despite his guilty plea and failure to raise the claim below (see People v Zanghi, 79 NY2d 815, 817 [1991]).

The New York State Constitution provides that "[n]o person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury" (NY Const, art. 1 § 6). The Constitution contains a limited exception to this jurisdictional requirement:

> "a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney" (id.).

In addition, Criminal Procedure Law § 195.10 provides that a defendant may waive indictment by grand jury when, among other conditions, "the defendant is not charged with a class A felony punishable by death or life imprisonment" (CPL 195.10 [1]). Accordingly, under both the Constitution and Criminal Procedure Law, a defendant who is held for the action of the grand jury on a class A felony punishable by life imprisonment may not waive indictment by the grand jury and agree to be prosecuted for a lesser included offense in order to facilitate a plea bargain on the homicide offense (see People v Trueluck, 88 NY2d 546, 551 [1996] ["The inescapable language of the State Constitution and its directly implementing statute establish the authorizing boundary: when an accused is held for Grand Jury action upon a felony complaint that charges a class A felony, as here, a waiver of indictment with respect to that felony complaint is unauthorized"]).

Here, the felony complaint charged defendant with second-degree murder, a class A felony, with a maximum sentence of life imprisonment. Contrary to the People's argument, under the circumstances here, Trueluck controls. In accordance with the Constitution, the Criminal Procedure Law, and our established precedent, defendant, having been held for action of the grand jury on the class A felony, could not effectively waive indictment and agree to be prosecuted by superior court information for the crime of manslaughter in the first degree. County Court improperly proceeded by information and lacked jurisdiction to accept his guilty plea (see id.). The People's remaining contentions are without merit.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On review of submissions pursuant to section 500.11 of the Rules, order reversed, guilty plea vacated, superior court information dismissed, felony complaint reinstated and case remitted to County Court, Schenectady County, for further proceedings in accordance with the memorandum herein. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided September 5, 2019